## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } |
| Plaintiff, | } } |
| v. | } Case No. 09-CV-602-GKF-FHM } |
| **ABERCROMBIE & FITCH STORES, INC.,** An Ohio Corporation, d/b/a **ABERCROMBIE KIDS,** | } } } } |
| Defendant. | } } |

### JOINT STATUS REPORT

JURY DEMANDED:   __X___ Yes   _____ No

I.   Summary of Claims:

Plaintiff's Claims:

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religious discrimination and to provide appropriate relief to Samantha Elauf.

The EEOC alleges that in June of 2008, Samantha Elauf applied for a sales position with AbecrombieKids at the Woodlands Mall, located in Tulsa, Oklahoma.  Ms. Elauf had been told by a friend who was working at the store that there was a job opening.  Ms. Elauf is Muslim and wears a head scarf, also commonly called a hijab.  She filled out an application and interviewed for the position with Assistant Store Manager, Heather Cooke.  At the time of the interview Ms. Elauf was wearing a hijab.  She was not hired.

Abercrombie & Fitch has a "Look" policy.  This policy is a dress code and states employees cannot wear any clothing that is black in color, nor may they wear head coverings.

EEOC asserts Defendant did not hire Ms. Elauf because, "both her head covering and the color of the covering violated the Look Policy." Ms. Elauf could have worked with the simple accommodation of being permitted to wear the hijab. Ms. Elauf wears hijabs of all colors and styles.

        A. Claims to be Dismissed:   N/A

II.    Summary of Defenses:

There is no evidence to support a finding that Defendant violated Title VII of the Civil Rights Act of 1964 or Title I of the Civil Rights Act of 1991. Ms. Elauf did not make her religious beliefs known at any time during the application process, so no employment decision could have been made on the basis of her religious beliefs. Furthermore, Ms. Elauf did not request an accommodation, which was her obligation. Additionally, the accommodation that Ms. Elauf now claims she should have received would have created an undue hardship on Defendant's business. Defendant is committed to providing a workplace free of any form of unlawful discrimination, and acted in accordance with this commitment, and within the bounds of the law, when considering Ms. Elauf's application for employment.

        A.  Defenses to be Abandoned:   N/A

III.    Motions Pending: N/A

        Docket No.       Description        At Issue Since

IV.    Stipulations:

        A.  Jurisdiction Admitted:    __X__Yes    ____ No (If no, explain)

        B.  Venue Appropriate:     __X__ Yes    ____ No (If no, explain)

  C. Facts:

    1. The Court has personal jurisdiction over the parties.

    2. The existing parties have been properly named and designated.

  D. Law:

  Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

V. Proposed Deadlines:

  A. Parties to be added by: July 15, 2010.

  B. Proposed discovery cutoff date: February 1, 2011.

  C. Fact witness lists to be exchanged by:

    Initial Witness List: September 30, 2010

    Final Witness List: February 28, 2011

  D. Proposed Date for Expert Reports by Plaintiff and Defendant:

    Primary Expert Reports Due: November 1, 2010

    Rebuttal Expert Reports Due: December 15, 2010

VI. Fed. R. Civ. P. 26(f) Discovery Plan:

  A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)? No.

  B. When were or will initial disclosures under Rule 26(a)(1) be made? By June 15, 2010.

  Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

  C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? No.

    D. Should changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?  No.
If yes, explain:

    E. Proposed number of fact and expert depositions:

        1. <u>To be allowed for Plaintiff</u>:  Plaintiff estimates it may need to take 7 to 8 fact witnesses and all Defendant's experts.

        2. <u>To be allowed for Defendant</u>:  Defendant estimates it may need to take 3-5 fact witnesses and all of Plaintiffs experts.

    F. Is there a need for any other special discovery management orders by the Court? No.

    G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at <u>www.oknd.uscourts.gov</u> for advice on the production of electronic information.

VII. <u>Are Dispositive Motions Anticipated?</u> If yes, describe them.  Yes, both Plaintiff and Defendant anticipate filing motions for summary judgment.

VIII. <u>Do All Parties Consent to Trial before the Assigned Magistrate Judge</u>?  No.
If yes, please attach completed Trial Consent form and indicate the month and year in which trial by the Magistrate Judge is Requested:  N/A.

IX. <u>Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.</u>1?  No.

X. <u>Settlement Plan</u>:  (Check One)
  __X__ Settlement Conference Requested After:  December 1, 2010.

Describe settlement judge expertise required, if any:  N/A

  ____ Private Mediation Scheduled in (date): _____
  ____ Other ADR (Explain)
  ____ ADR is not appropriate in this case (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

Plaintiffs:      __X_ Yes    ____ No
Defendants:    __X_ Yes    ____ No

XI. <u>Does this case warrant special case management?</u>  ____ Yes  __X__ No
If yes, explain why

4

XII. <u>Do the parties request that the Court hold a scheduling conference</u>?

    \_\_\_\_ Yes          \_\_X\_\_ No

XIII. <u>Estimated trial time</u>: \_\_\_2- 3 Days_____

Read and Approved by:


ATTORNEY FOR PLAINTIFF:

<u>S/Michelle M. Robertson</u>
Michelle M. Robertson, OBA No. 14084
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Area Office for the State of Oklahoma
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, OK 73102
(405) 231-4363
(405) 231-5816 (Fax)



ATTORNEYS FOR DEFENDANT:

<u>S/ Mark A. Knueve</u>
Mark A. Knueve
VORYS, SATER, SEYMOUR & PEASE, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
(614) 464-6387