IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   PLAINTIFF,<br><br>vs.<br><br>ABERCROMBIE & FITCH STORES, Inc., an Ohio Corporation, d/b/a AbercrombieKids,<br><br>   DEFENDANT. | Case No. 09-CV-602-GKF-FHM |

## JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 26(c), and because discovery in this action may involve production of confidential or proprietary business information for which protection from public disclosure is warranted, Plaintiff Equal Employment Opportunity Commission and Defendant Abercrombie & Fitch Stores, Inc. jointly move the Court to enter the attached proposed Agreed Protective Order in the above-captioned action. All parties have agreed to entry of the Agreed Protective Order in the form enclosed herewith.

Respectfully submitted,

/s/ Barbara A. Seely_____
(*per e-mail authorization*)
Barbara A. Seely (Mo Bar No. 28339)
Regional Attorney
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Room 8.100
314-539-7910 (phone)

Attorney for Plaintiff

/s/ Yolanda C. Vorys _____
Mark A. Knueve (Ohio Bar No. 0067074)
Yolanda C. Vorys (Ohio Bar No. 0082622)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43215
614-464-6387 (phone)
614-719-4808 (facsimile)
*Admitted Pro Hac Vice*

Kristen L. Brightmire
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Joint Motion for Entry of Agreed Protective Order and Brief in Support was filed electronically September 22, 2010 with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

/s/ Yolanda C. Vorys
Yolanda C. Vorys

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH STORES, Inc., an Ohio Corporation, d/b/a AbercrombieKids,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 09-CV-602-GKF-FHM<br>)<br>)<br>)<br>)<br>) |

**AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

The parties to the above-captioned matter hereby stipulate and agree as follows:

WHEREAS, the parties to this action recognize that certain documents will be produced that may contain confidential personal or business information; and

WHEREAS, the parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY ORDERED that:

1.  <u>Confidential Personal or Business Information</u>:  Plaintiff, Defendant, and/or any experts or consultants retained by Plaintiff or Defendant are required to maintain the confidentiality of the following documents obtained through discovery in this litigation:

    a.  Any Organizational Charts produced pursuant to Plaintiff's First Set of Requests for Production of Documents to Defendant;

    b.  Applied Psychological Techniques, Inc.'s "Technical

Documentation" regarding Abercrombie & Fitch, Inc., produced pursuant to Plaintiff's First Set of Requests for Production of Documents to Defendant.

This information shall be marked "Confidential" and is protected from disclosure to the public regardless of whether it is conveyed by or contained in a document produced, stated in answer to an interrogatory or request for admission, disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding, or disclosed pursuant to a voluntary agreement among counsel.

2. <u>Disputes Regarding Confidential Documents</u>:  Any party objecting to the designation of any document as Confidential shall make a good faith effort to resolve the dispute without intervention of the Court.  If the parties are unable to resolve the dispute, the objecting party may move for an order regarding the designation of the documents at issue.  The parties agree that any hearing before the Judge or Magistrate Judge may be conducted by telephone.  If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their Confidential designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

3. <u>Limitation on Disclosure</u>:  All documents designated as Confidential and the information contained therein shall be used solely for the purpose of conducting this litigation.  Confidential documents may be disclosed only to the following persons:

a. Attorneys of record for any party to this action, and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

b. The parties to this action;

c. The Court and its personnel;

4

    d. Employees or former employees of Defendant and any parent, subsidiary or related entity, if required to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

    e. Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

    f. Any arbitrator or mediator designated in this action;

    g. Any court reporter employed in connection with a deposition in this litigation;

    h. Any person approved in writing, in advance of disclosure, by the producing party.

  4. All persons reviewing or receiving copies of Confidential documents are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this action, except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order.

  5. The recipient of any Confidential document shall maintain such information in a secure and safe area.

  6. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, or by settlement, the receiving parties and all other persons who have received documents containing Confidential information shall destroy or return all such documents, and all copies thereof, to the producing party. Notwithstanding the foregoing, each party may retain motion papers, briefs, notes,

memoranda or other documents which contain Confidential information. This Protective Order shall continue to apply to all such documents retained by any party in accordance with the preceding sentence.

7. This Protective Order shall not affect any party's right to object to the use in this litigation of Confidential documents or information on any ground.  The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at time of trial or otherwise.

8. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

9. Any waiver under this Protective Order must be made in writing or, if at a deposition, on the record.  Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

10. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the parties in writing or by order of the Court.

For good cause appearing, IT IS SO ORDERED.

Dated: _____, 2010      _____
                                  UNITED STATES MAGISTRATE JUDGE

HAVING SEEN AND AGREED:

/s/ Barbara A. Seely
(*per e-mail authorization*)
Barbara A. Seely (Mo Bar No. 28339)
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
(314) 539-7910 (phone)

Attorney for Plaintiff

/s/ Yolanda C. Vorys
Mark A. Knueve (Ohio Bar No. 0067074)
Yolanda C. Vorys (Ohio Bar No. 0082622)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387 (phone)
(614) 719-4808 (facsimile)
*Admitted Pro Hac Vice*

Kristen L. Brightmire
DOERNER, SAUNDERS, DANIEL & ANDERSON LLP
320 South Boston Avenue
Tulsa, Oklahoma 74103
(918) 591-5204 (phone)
(918) 925-5204 (facsimile)

Attorneys for Defendant