# EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name): Nnneer Awad<br>C. Date of Delivery: 2-14-11 |
| 1. Article Addressed to:<br><br>Rezi Hashmi<br>Executive Director<br>CAIR Oklahoma<br>1112 North West 23rd Street, Suite 207<br>Oklahoma City, OK  73106 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7009 3410 0002 1939 8008 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.
### ATTORNEYS AT LAW

KRISTEN L. BRIGHTMIRE

**WRITER'S DIRECT:**
(918) 591-5204 (telephone)
(918) 925-5204 (facsimile)
Tulsa, Oklahoma
kbrightmire@dsda.com

E. J. DOERNER (1897-1980)
DICKSON M. SAUNDERS (1920-2001)

January 20, 2011

VIA CERTIFIED MAIL

Rezi Hashmi
Executive Director
CAIR Oklahoma
1112 North West 23rd Street, Suite 207
Oklahoma City, OK  73106

    Re:   *Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc., d/b/a Abercrombie Kids;* Case No. 09-CV-602, In the United States District Court for the Northern District of Oklahoma

Dear Mr. Hashmi:

This firm represents Abercrombie & Fitch Stores, Inc. in the above matter. Our client's subpoena requesting certain documents is served on you simultaneously with this letter.

In the event you expect cost of copying the documents to be in excess of $10.00, please call my paralegal, Rhonda Leeds, prior to incurring any expense so we may discuss the matter.

Should you have any questions with respect to responding to this subpoena, please do not hesitate to contact Rhonda Leeds at 918.591.5327 or me.

                            Very truly yours,

                            Kristen L. Brightmire of
                  DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

KLB:arf
Enclosures

2005732v1

TWO WEST SECOND STREET, SUITE 700
TULSA, OKLAHOMA 74103-3117
TELEPHONE (918) 582-1211
FACSIMILE (918) 591-5360

www.dsda.com

201 ROBERT S. KERR AVENUE, SUITE 700
OKLAHOMA CITY, OKLAHOMA 73102-4203
TELEPHONE (405) 319-3500
FACSIMILE (405) 319-3509

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH STORES, INC. d/b/a ABERCROMBIE KIDS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 09-CV-602-GKF-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

### SUBPOENA DUCES TECUM

TO:    **Rezi Hashmi**
**Executive Director**
**CAIR Oklahoma**
**1112 North West 23rd Street, Suite 207**
**Oklahoma City, OK 73106**

YOU ARE HEREBY COMMANDED pursuant to Federal Rule of Civil Procedure 45(a)(1)(D) to produce and permit inspection of the documents or objects described in the attached Exhibit A at the place, date, and time specified below. In the alternative, you may produce the documents by faxing them to 405.319.3509 or by emailing them to kbrightmire@dsda.com. In order to allow objections to the production of documents and things to be filed, you should not produce them until the date specified in this Subpoena, and if any objection is filed, until the court rules on the objection.

PLACE:
Doerner, Saunders, Daniel & Anderson, L.L.P
201 Robert S. Kerr Avenue, Suite 700
Oklahoma City, OK 73102-4203

DATE & TIME:
February 3, 2011
@ 12:00 p.m.

HEREOF FAIL NOT UNDER PENALTY OF LAW.

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P

By: */s/ Kristen L. Brightmire*
Kristen L. Brightmire, OBA No. 14239
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com

VORYS, SATER, SEYMOUR & PEASE,
L.L.P

Mark A. Kneuve, Ohio Bar No. 0067074
Yolanda C. Vorys, Ohio Bar No. 082622
52 East Gay Street
Columbus, OH 43215
Telephone (614) 464-6387
Facsimile (614) 719-4808
maknueve@vorys.com
ycvorys@vorys.com

Attorneys for Defendant

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), as amended on December 2009

**(c) Protecting a Person Subject to a Subpoena.**
**(1) Avoiding Undue Burden or Expense; Sanctions.**
A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2) Command to Produce Materials or Permit Inspection.**
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to Subpoena.**
**(1) Producing Documents or Electronically Stored Information.**
These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2) Claiming Privilege or Protection.**
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).**

## EXHIBIT A

The following requests are governed by the below definitions:

1. "Document" or "documents" means any medium on which information can be recorded or from which information can be obtained, including by way of illustration and not limitation, memoranda, diaries, lists, notes, reports, studies, telephone and telegraph records, computer hard drives, computer disks, computer files, computer tapes, computer layouts, e-mail, blog posts, compact discs, information stored or generated on a Blackberry, iPhone, or similar personal digital assistant or other device, maps, diagrams, photographs, agreements, overhead projections, slides, charts, brochures, fliers, correspondence, inter-office and other communications, press releases and drafts and working files pertaining to press releases, advertisements and drafts and working files pertaining to advertisements, video or audio tapes, computer-stored information and all other writings, evidences and papers of whatever nature, regardless of whether originals, copies, drafts or typings or reproductions of originals or copies in whatever form, or whether directed to or prepared, written or produced by, for or on behalf of you or any agent, consultant, employee, successor in interest, or other representative of you or any third person, firm or corporation, and other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

2. "And" or "or" as used herein are both conjunctive and disjunctive.

3. Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

4. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

5. "Related to," "relating to," or "about" means referring to, relating to, concerning, involving, alluding to, discussing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing, summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

6. "Communication" means any conversation or other oral or written contact, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was transmitted or transferred, whether or not substantially recorded in any document. "Communication" includes, but is not limited to, meetings, telephone conversations, discussions, memoranda, correspondence, and oral requests for information.

7. "This case" means <u>Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc.</u>, No. 09-CV-602-GKF-FHM (N.D. Okla. filed Sept. 17, 2009), and all related litigation or regulatory action.

8. "Abercrombie" means Abercrombie & Fitch Stores, Inc., as well as its present and former officers, agents, directors, attorneys, accountants, investigators, employees, and all other persons known to be acting or purporting to act on its behalf.

9. "You," "Your," or "CAIR" means Council on American-Islamic Relations – Oklahoma, located at 1112 North West 23rd Street, Suite 207, Oklahoma City, OK 73106, as well as its present and former officers, agents, directors, attorneys, accountants, investigators, employees, and all other persons known to be acting or purporting to act on its behalf.

10. "Samantha Elauf" refers to Samantha Iman Elauf, who resides at 4400 West Quincy Street, Broken Arrow, OK 74012.

11. "E.E.O.C" means the Equal Employment Opportunity Commission.

**Documents Requested**

1. All documents in the possession of CAIR related to Samantha Elauf.

2. All documents in the possession of CAIR related to Abercrombie.

3. All documents in the possession of CAIR related to any and all communications with Samantha Elauf.

4. All documents in the possession of CAIR related to any and all communications with the E.E.O.C. about Samantha Elauf and/or Abercrombie.

5. All documents in the possession of CAIR related to any and all communications with third parties about Samantha Elauf and/or Abercrombie, including any and all press releases.

6. All documents in the possession of CAIR related to this case.

2005669v1