**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,               )<br>                                                                              )<br>          Plaintiff,                                             )<br>                                                                              )<br>vs.                                                                        )         Case No. 09-CV-602-GKF-FHM<br>                                                                              )<br>ABERCROMBIE & FITCH STORES, Inc.,         )<br>an Ohio Corporation, d/b/a AbercrombieKids,   )<br>                                                                              )<br>          Defendant.                                         )  | |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO DEFENDANT'S LOOK POLICY

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Abercrombie and Fitch Stores, Inc. ("Abercrombie" or "Defendant") respectfully moves this Court for an Order excluding any evidence regarding, relating, or referring to (a) requests for exceptions to the Look Policy made after Samantha Elauf's employment interview, and (b) requests for exceptions to the Look Policy not involving headwear.

A brief Memorandum in Support of this Motion is attached.

                                                                Respectfully Submitted,

                                                                *s/ Mark A. Knueve*
                                                                Mark A. Knueve (Ohio Bar No. 0067074)
                                                                Daniel J. Clark (Ohio Bar No. 0075125)
                                                                Joseph C. Fungsang (Ohio Bar No. 0085751)
                                                                VORYS, SATER, SEYMOUR AND PEASE LLP
                                                                52 East Gay Street
                                                                P.O. Box 1008
                                                                Columbus, Ohio 43216-1008
                                                                (614) 464-6387 (phone)
                                                                (614) 719-4808 (facsimile)
                                                                maknueve@vorys.com (e-mail)
                                                                djclark@vorys.com (e-mail)
                                                                jfungsang@vorys.com (e-mail)
                                                                *Admitted Pro Hac Vice*

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Plaintiff alleges that Abercrombie violated the religious accommodation requirement of the Civil Rights Act of 1964 by failing to hire Samantha Elauf because she wore a black head scarf to her employment interview, and by failing to make an exception to its Look Policy, which prohibits headwear and the color black.  Defendant denies Plaintiff's allegation and contends that Elauf failed to request any religious accommodation or make her religious beliefs known at the time of the employment interview, and that the accommodation Elauf now claims she should have received would have created an undue hardship on Abercrombie's business.

Based on Plaintiff's Preliminary Exhibit List and discovery requests during this litigation, it is anticipated that Plaintiff will offer evidence relating to (a) exceptions to the Look Policy made after Samantha Elauf was denied employment, including evidence related to a policy change regarding head scarves; and (b) exceptions to the Look Policy not involving headwear. This evidence is irrelevant and inadmissible.  The introduction of this evidence would be unfairly prejudicial to Abercrombie and would result in a high likelihood of jury confusion.  Accordingly, Abercrombie requests an Order prohibiting Plaintiff from presenting or referring to the above evidence at the trial in this matter.

**II.     LAW AND ANALYSIS**

    **A.      Legal Standard**

Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; <u>Reno v. Bossier Parish School Bd.</u>, 520 U.S. 471, 486 (1997).  Evidence that is not relevant should be excluded under Rule 402 of the Federal Rules of

Evidence. Fed. R. Evid. 402. Furthermore, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury." Fed. R. Evid. 403.

In compliance with the Court's Order on Plaintiff's Motion to Compel Discovery (Doc. 40), Abercrombie produced responsive documents from its contact records system ("Contact Records") to Plaintiff. Some of the Contact Records describe requests for exceptions to Abercrombie's Look Policy from January 2006 to January 2011, and include requests involving headwear, shoes, necklaces, ear and nose piercings, facial hair, and bracelets. Although the Contact Records may have been discoverable, this does not dispositively show that they are admissible under the Federal Rules of Evidence. See Wiggins v. Clementon Police Dep't, No. 07-5033, 2009 U.S. Dist. LEXIS 66955, at *6 (D.N.J. July 30, 2009) ("The discoverability of information is not determinative of its admissibility as evidence at trial.").

The Contact Records contain requests for exceptions to the Look Policy that come from any one of Abercrombie's over 1,000 domestic stores. Abercrombie evaluates each request for an exception to the Look Policy for religious or medical reasons on a case-by-case basis, as required by law. See Riley Dep. at 100, 116, 174, 191.[1] The circumstances behind each request are unique and fact-dependent because the requests come from any one of Abercrombie's four major retail brands, each of which sells a different style of clothes and emphasizes its own style of in-store experience. See Riley Dep. at 130, 142. Accordingly, the Contact Records involve a number of important, but variable, factors such as the type of clothing sold by the brand or sold during a specific season; the size and layout of the specific store; whether a uniform is provided; and the number and type of positions available. See Riley Dep. at 116, 130, 148-49, 161-62,

---

[1] The cited to pages of Deon Riley's deposition are attached as Exhibit A and are referred to herein as "Riley Dep. at __."

177-78, 185-86, 229.  The multiple differences behind each request necessitate Abercrombie's process of receiving and evaluating requests for exceptions to the Look Policy for medical or religious reasons on a case-by-case basis.  See Riley Dep. at 116.

The Contact Records have limited relevance and probative value because the individual circumstances of each request differ, and the facts and resolution of one case involving a specific individual and a specific store may not be applicable to another case.  Indeed, courts have stated that each request for accommodation must be considered individually, without regard to other locations or accommodation requests.  See, e.g., Brown v. F.L. Roberts & Co., 419 F. Supp. 2d 7, 17 (D. Mass. 2006) ("Nothing in the law governing religious discrimination…prohibits a company from adopting policies that differ from division to division. That some or all of Defendant's other divisions had no such…policy is irrelevant."); Riback v. Las Vegas Metro. Police Dept., No. 2:07-cv-1152-RLH-LRL, 2008 U.S. Dist. LEXIS 62491, at *11 (D. Nev. Aug. 6, 2008) ("courts and employers must independently evaluate each accommodation request, irrespective of how many previous requests have been granted or denied or which religion it derives from").

The distinctive facts of the instant case further magnify the limited relevance and probative value of the Contact Records.  Specifically, Ms. Elauf testified that she did not request an accommodation or mention her religion during her employment interview.  Elauf Dep. at 63, 65.[2]  The jury may not appreciate the significance of this distinction, which is one of many potential distinctions in the Contact Records, and may be misled to believe that simply because an accommodation was granted in another case, that an accommodation should have been granted in the instant case, regardless of whether or not Ms. Elauf requested an accommodation.

---

[2] The cited to pages of Samantha Elauf's deposition are attached as Exhibit B and are referred to herein as "Elauf Dep. at __."

5

See, e.g., Miller v. CVS Pharm., Inc., No. 09-13665, 2011 U.S. Dist. LEXIS 25769, at *28 ( E.D. Mich. Mar. 14, 2011) ("Defendant correctly observes that the grant of such a religious accommodation to a co-worker does not establish unlawful discrimination against employees who neither need nor request such an accommodation."). To prevent jury confusion and unfair prejudice against Abercrombie, this Court should strictly construe the relevance and probative value of evidence of requests for exceptions to the Look Policy in the Contact Records.

### B. Evidence of Requests for Exceptions to the Look Policy After Samantha Elauf's Employment Interview Should Be Excluded.

Evidence of requests for exceptions to Abercrombie's Look Policy that occurred after Samantha Elauf's employment interview on or around July 27, 2008 should be excluded because it is not relevant. It is a well-established tenet of employment law that the legality of a defendant's decision to undertake an adverse employment action "must be judged by the facts existing at the time of that decision." Durso v. Wanamaker, No. 83-1385, 1985 U.S. Dist. LEXIS 20625, at *2-3 (E.D. Pa. Apr. 18, 1985). The inquiry is limited to the knowledge of the employer at the time it made the employment decision. See McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 360 (1995) ("The employer could not have been motivated by knowledge it did not have…."); see also Kaveler v. U.S. Bancorp Ins. Serv., LLC, No. 06-cv-04-DRH, 2008 U.S. Dist. LEXIS 45769, at *7 (S.D. Ill. June 12, 2008) ("post-dismissal evidence cannot demonstrate the employer's motivation relative to the Plaintiff and is, therefore, irrelevant.").

Evidence of facts or events arising after an employment decision is not relevant in determining an employer's liability under Title VII. See Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1228 (3d Cir. 1994), abrogated on other grounds by McKennon, 513 U.S. 352 (1995) ("[T]he sole question to be answered at [the liability] stage is whether the employer

6

discriminated against the employee on the basis of an impermissible factor at the instant of the adverse employment action."); see also Cullen v. Olin Corp., 195 F.3d 317, 324 (7th Cir. 1999) (excluding evidence of a coworker's poor performance after the plaintiff had been terminated because the evidence "had no bearing on management's state of mind at the time the decision was made" to terminate the plaintiff). Because Abercrombie's compliance with Title VII is measured at the time of the employment decision, evidence relating to requests for exceptions to the Look Policy made subsequent to July 27, 2008 is irrelevant and should be excluded.

In a previous religious accommodation lawsuit filed by the EEOC against Abercrombie in the Eastern District of Missouri, Abercrombie sought to exclude evidence of the clothing it sold following the plaintiff's termination, in part, because evidence of clothing that Abercrombie sold subsequent to the events in the case was irrelevant to the plaintiff's religious accommodation claim. See E.E.O.C. v. Abercrombie & Fitch Stores, Inc., et al., No. 4:08-1470 (E.D. Mo. filed Sept. 25, 2008) (Doc. 52). The court in that case granted Abercrombie's motion *in limine* to exclude evidence of its subsequent clothing. Id. (Doc. 67, 68). Because this case involves similarly irrelevant requests and policy changes following Samantha Elauf's employment interview, this Court should similarly exclude such evidence.

Additionally, in 2010, in response to litigation involving the issue of headwear, Abercrombie began to allow Models, in certain circumstances, to wear head scarves as a religious accommodation even though headwear is not permitted under Abercrombie's Look Policy. See Riley Dep. at 101-03, 186-91, 217, 223. Evidence of changes in Abercrombie's position with regard to the Look Policy following Samantha Elauf's employment interview on or around July 27, 2008, including the decision to allow Models to wear head scarves in certain circumstances, should be excluded for several reasons.

First, the relevant inquiry in this case is limited to Abercrombie's knowledge at the time of the employment decision, or Ms. Elauf's employment interview on or around July 27, 2008. See Durso, No. 83-1385, 1985 U.S. Dist. LEXIS 20625, at *2-3. Abercrombie's subsequent change in position is irrelevant to determining Abercrombie's liability as to the incident at issue in this case. See Cullen, 195 F.3d at 324.

Second, under Rule 407 of the Federal Rules of Evidence, evidence of subsequent remedial measures is not admissible to prove culpable conduct. See Fed. R. Evid. 407; Vitullo v. Borough of Yeadon, No. 04-3929, 2006 U.S. Dist. LEXIS 7592, at *2 (E.D. Pa. Feb. 28, 2006) ("Revisions to [a] policy or other subsequent remedial measures are inadmissible pursuant to Federal Rules of Evidence 407."). Because Abercrombie's change in practice allowing Models to wear head scarves in certain circumstances arose in response to litigation involving head scarves, it should be excluded under Rule 407. See Abel v. Dept. of Corrections, No. 93-4070-SAC, 1995 U.S. Dist. Lexis 3138, at *3 (D. Kan. Jan. 12, 1995) (noting that "[i]f the defendant changed its policies in response to [a prior lawsuit], then these changes are likely to be subsequent remedial measures under Rule 407."). Abercrombie should not be penalized for subsequent actions that were intended to prevent additional lawsuits. See McLaughlin v. Diamond State Port Corp., No. 03-617 (GMS), 2005 U.S. Dist. LEXIS 26351, at *11 (D. Del. Dec. 30, 2004). Because evidence of Abercrombie's policy change in 2010 allowing Models in certain circumstances to wear head scarves is irrelevant, unfairly prejudicial, and inadmissible under the Federal Rules of Evidence, it should be excluded.

    **C.**    **Evidence of Requests for Exceptions to the Look Policy Not Involving Headwear Should Be Excluded.**

Abercrombie evaluates each request for an exception to the Look Policy for religious or medical reasons on a case-by-case basis, as required by law. See Riley Dep. at 100, 116, 174,

191.  Evidence of requests for Look Policy exceptions for items other than headwear has limited relevance and probative value because headwear is distinguishable from other types of accessories.  Allowing evidence of such requests would distract the jury from the central issue in this case—headwear—and could create the misleading impression that Abercrombie applies the Look Policy differently in different situations due to the case-by-case nature of each accommodation process.

Plaintiff's allegations in this case arise from the wearing of a head scarf.  See Complaint at 2.  Plaintiff alleges that Abercrombie failed to accommodate Ms. Elauf's religious beliefs by making an exception to Abercrombie's Look Policy and allowing her to wear a head scarf.  See id.  Based on Plaintiff's Preliminary Exhibit List and discovery requests in this litigation, it is anticipated that Plaintiff will introduce Contact Records involving yarmulkes, in addition to head scarves.  However, Plaintiff has also indicated its intent to attempt to introduce Contact Records involving items including shoes, necklaces, ear and nose piercings, facial hair, and bracelets.

Exceptions to Abercrombie's Look Policy not involving headwear are irrelevant and inadmissible because headwear is distinguishable from other items.  Unlike articles such as necklaces and bracelets, headwear cannot be easily hidden or concealed by a shirt or long sleeves.  See Riley Dep. at 96, 110, 173, 181, 202, 206.  Headwear, and a head scarf in particular, is meant to be seen by others, and may be the first thing that one notices when seeing another person for the first time.  Elauf Dep. at 121-23.  The clear dissimilarity between headwear and non-headwear items is an appropriate reason to exclude evidence of requests for exceptions involving items other than headwear to Abercrombie's Look Policy.  See McDole v. City of Saginaw, No. 07-13697-BC, 2008 U.S. Dist. LEXIS 107273, at *6 ( E.D. Mich. Dec. 3, 2008) (noting that "[t]he more dissimilar the circumstances are from Plaintiff's circumstances,

the less probative the circumstances are of discrimination, and the greater the likelihood becomes that the evidence will be excluded under Federal Rule of Evidence 403").

Allowing the introduction of evidence relating to non-headwear exceptions to Abercrombie's Look Policy would confuse and mislead the jury. As required by law, Abercrombie determines its response to requests for religious accommodation involving the Look Policy on an individualized, case-by-case basis. See Riley Dep. at 100, 116, 174, 191. Allowing the jury to consider evidence involving circumstances that are separate and distinguishable from those in Samantha Elauf's case would unnecessarily complicate the already individualized analysis required under Title VII. See, e.g., Haliye v. Celestica Corp., No. 06-CV-4769, 2009 U.S. Dist. LEXIS 49051, at *23 (D. Minn. June 10, 2009) ("To determine whether a proposed accommodation was reasonable or would have imposed an undue hardship, a jury must consider such individualized factors as the nature of the plaintiff's job duties, the nature and strength of the plaintiff's religious beliefs, the nature of the employer's efforts to accommodate her beliefs, and the plaintiff's reaction to the employer's accommodation efforts."). To prevent jury confusion and unfair prejudice against Abercrombie, this Court should exclude all evidence relating to requests for exceptions to the Look Policy not involving headwear.

### III.  CONCLUSION

Based on the above-cited arguments and authorities, Defendant's Motion should be granted and this Court should enter an Order excluding any argument or evidence, testimonial or documentary, offered in relation to (a) requests for exceptions to the Look Policy made after Samantha Elauf's employment interview, including evidence involving Abercrombie's 2010 policy change regarding head scarves, and (b) requests for exceptions to the Look Policy not involving headwear.

Respectfully Submitted,

*s/ Mark A. Knueve*
Mark A. Knueve (Ohio Bar No. 0067074)
Daniel J. Clark (Ohio Bar No. 0075125)
Joseph C. Fungsang (Ohio Bar No. 0085751)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387 (phone)
(614) 719-4808 (facsimile)
maknueve@vorys.com (e-mail)
djclark@vorys.com (e-mail)
jfungsang@vorys.com (e-mail)
*Admitted Pro Hac Vice*

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 15, 2011, a copy of the foregoing Defendant's Motion *in Limine* to Exclude Evidence Relating to Defendant's Look Policy was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Service will be made by operation of that system upon:

Jeff A. Lee
Equal Employment Opportunity Commission
Area Office of the State of Oklahoma
215 Dean A. McGee Ave.
Suite 524
Oklahoma City, OK 73102
JEFF.LEE@EEOC.GOV

Barbara A. Seely
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
BARBARA.SEELY@EEOC.GOV

Natasha L. Abel
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

Jennifer L. Hope
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

              *s/ Joseph C. Fungsang*
              Joseph C. Fungsang