## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 09-CV-602-GKF-FHM ) |
| ABERCROMBIE & FITCH STORES, Inc., an Ohio Corporation, d/b/a AbercrombieKids, | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE CONSENT DECREE

Pursuant to Rule 402 and 403 of the Federal Rules of Evidence, Abercrombie and Fitch Stores, Inc. ("Abercrombie" or "Defendant") respectfully moves this Court for an Order excluding any evidence regarding, relating, or referring to a Consent Decree in the matter Gonzalez, et al. v. Abercrombie & Fitch Stores, Inc., et al., Case Nos. 03-2817 SI, 04-4730 and 04-4731 (N.D. Cal. 2005) (the "Decree").

A brief Memorandum in Support of this Motion is attached.

Respectfully Submitted,

*s/ Mark A. Knueve*
Mark A. Knueve (Ohio Bar No. 0067074)
Daniel J. Clark (Ohio Bar No. 0075125)
Joseph C. Fungsang (Ohio Bar No. 0085751)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387 (phone)
(614) 719-4808 (facsimile)
maknueve@vorys.com (e-mail)
djclark@vorys.com (e-mail)
jfungsang@vorys.com (e-mail)
*Admitted Pro Hac Vice*

2

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

## **MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

A Consent Decree was entered in the matter of <u>Gonzalez, et al. v. Abercrombie & Fitch Stores, Inc., et al.</u>, Case Nos. 03-2817 SI, 04-4730 and 04-4731 (N.D. Cal. 2005) (the "Decree"). The Decree was preliminarily approved by Judge Susan Illston of the Northern District of California on or about November 16, 2004. After a notice period, the Decree was finally approved by Judge Illston on April 14, 2005. Upon approval, the Decree became an Order of the Court and resolved civil actions involving employment claims of private parties and of the EEOC, the Plaintiff in this case.

In a 2008 lawsuit filed by the EEOC against Abercrombie & Fitch Stores, Inc. and J.M. Hollister, LLC in the Eastern District of Missouri, the EEOC attempted to introduce evidence of the Decree. The court in that case granted the Defendants' motion *in limine* to exclude evidence of the Decree. See <u>E.E.O.C. v. Abercrombie & Fitch Stores, Inc., et al.</u>, No. 4:08-1470 (E.D. Mo. filed Sept. 25, 2008) (Doc. 67, 68). Despite the ruling in the 2008 case, the EEOC identified the Consent Decree as an exhibit for trial in this case. <u>See</u> Plaintiff EEOC's Preliminary Exhibit List, Ex. 54. This Court should exclude all evidence of the Consent Decree for the reasons set forth below.

**II.    LAW AND ANALYSIS**

The EEOC was a party to the Decree and signed off on its terms. Relevant to this Motion, The Decree contains the following provision:

> This Consent Decree does not constitute and shall not be deemed
> to be a finding or determination by the Court, nor an admission by
> any party, regarding the merits, validity or accuracy of any of the
> allegations, claims or defenses. This Decree represents the
> compromise of disputed claims that the parties recognize would
> require protracted and costly litigation to determine. Abercrombie

>denies that it has engaged in any policy or pattern or practice of unlawful discrimination, or that it has engaged in any other unlawful conduct as alleged in the Consolidated Litigation, and Abercrombie's entry into this Decree is not and may not be used by any person in any proceeding as an admission or evidence that Abercrombie and/or its employees, managers, and/or attorneys have on any occasion engaged in discriminatory employment practices or any other unlawful conduct, such being expressly denied. Abercrombie has voluntarily entered into this Decree because it believes the actions it has agreed to undertake demonstrate its strong commitment to diversity and equal employment opportunity. Neither the Decree nor any compliance reports, filings, data, or other compliance information arising out of or related to the Decree shall be discoverable, admissible or used as evidence of liability or non-liability for unlawful discrimination in any proceeding other than one relating to the enforcement of this Decree.

See Consent Decree, Section IX.A., pp. 13-14.

Section IX.A. of the Decree (which is an Order of the United States District Court for the Northern District of California) states that no evidence relating to it is admissible in any proceeding as evidence against Respondent. As a result, no evidence relating to the Decree should be admitted at the trial of this matter. See Figures v. Bd. of Pub. Utils., No. 88-2108-O, 1990 U.S. Dist. LEXIS 8471, at *22 (D. Kan. June 8, 1990) (affirming exclusion of consent decree where "allowing reference to the decree…would have been contrary to the terms of the decree itself").

Even if the Decree did not contain Section IX.A quoted above, evidence relating to it would not be admissible due to its irrelevance and prejudicial impact. The Decree was preliminarily approved in November 2004 – nearly four years prior to the events giving rise to this action – and resolved litigation wholly unrelated to the EEOC's claim. See, e.g., Figures, 1990 U.S. Dist. LEXIS 8471, at *22 (evidence relating to employer in year it entered consent decree was not relevant in litigation initiated years later, and any relevance that may have existed

4

was clearly outweighed by its prejudicial impact).

Finally, the EEOC's attempt to introduce evidence of the Decree has already been denied by the court in a previous lawsuit. See <u>E.E.O.C. v. Abercrombie & Fitch Stores, Inc., et al.</u>, No. 4:08-1470 (E.D. Mo. filed Sept. 25, 2008) (Doc. 67, 68) (granting Abercrombie's motion *in limine* to exclude evidence relating to the Decree). In that religious discrimination case, the court excluded all evidence of the Decree. The EEOC's identical attempt to controvert the explicit terms of the Decree and admit irrelevant and prejudicial evidence should likewise be denied by this Court. Abercrombie has filed this motion to ensure that the terms of the Decree, which were agreed to by the EEOC, are not violated, and that evidence regarding the Decree is not admitted into evidence at trial.

### III.  CONCLUSION

Based on the above-cited arguments and authorities, Defendant's Motion should be granted and this Court should enter an Order excluding any evidence regarding, relating, or referring to a Consent Decree in the matter <u>Gonzalez, et al. v. Abercrombie & Fitch Stores, Inc., et al.</u>, Case Nos. 03-2817 SI, 04-4730 and 04-4731 (N.D. Cal. 2005).

Respectfully Submitted,

*s/ Mark A. Knueve*
Mark A. Knueve (Ohio Bar No. 0067074)
Daniel J. Clark (Ohio Bar No. 0075125)
Joseph C. Fungsang (Ohio Bar No. 0085751)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387 (phone)
(614) 719-4808 (facsimile)
maknueve@vorys.com (e-mail)
djclark@vorys.com (e-mail)
jfungsang@vorys.com (e-mail)
*Admitted Pro Hac Vice*

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2011, a copy of the foregoing Defendant's Motion *in Limine* to Exclude Evidence of the Consent Decree was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Service will be made by operation of that system upon:

Jeff A. Lee
Equal Employment Opportunity Commission
Area Office of the State of Oklahoma
215 Dean A. McGee Ave.
Suite 524
Oklahoma City, OK 73102
JEFF.LEE@EEOC.GOV

Barbara A. Seely
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
BARBARA.SEELY@EEOC.GOV

Natasha L. Abel
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

Jennifer L. Hope
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

*s/ Joseph C. Fungsang*
Joseph C. Fungsang