IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,         )<br>        )<br>        Plaintiff,         )<br>        )<br>vs.        )<br>        )    Case No. 09-CV-602-GKF-FHM<br>        )<br>ABERCROMBIE & FITCH STORES, Inc.,        )<br>an Ohio Corporation, d/b/a AbercrombieKids,        )<br>        )<br>        Defendant.        )        | |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE EEOC'S INVESTIGATION AND REASONABLE CAUSE FINDING AND TO EXCLUDE TESTIMONY OF EEOC PARALEGAL

Pursuant to Rule 402 and 403 of the Federal Rules of Evidence, Abercrombie and Fitch Stores, Inc. ("Abercrombie" or "Defendant")  respectfully moves this Court for an Order excluding any evidence, testimonial or documentary, offered by Plaintiff the Equal Employment Opportunity Commission ("EEOC") relating to its reasonable cause finding, and to exclude the testimony of EEOC Paralegal Penny Horne.

A brief Memorandum in Support of this Motion is attached.

Respectfully Submitted,

*s/ Mark A. Knueve*
Mark A. Knueve (Ohio Bar No. 0067074)
Daniel J. Clark (Ohio Bar No. 0075125)
Joseph C. Fungsang (Ohio Bar No. 0085751)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387 (phone)
(614) 719-4808 (facsimile)
maknueve@vorys.com (e-mail)
djclark@vorys.com (e-mail)
jfungsang@vorys.com (e-mail)

*Admitted Pro Hac Vice*

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Prior to the institution of this action, the EEOC investigated a charge filed by Samantha Elauf alleging that Abercrombie violated Title VII of the Civil Rights Act of 1964 by failing to hire her because of her religion, Muslim, and because of her national origin, Palestinian. After investigating the charge, the EEOC rendered a determination that there was "reasonable cause" to believe that Abercrombie unlawfully discriminated against Ms. Elauf by failing to hire her because of her religion, and by failing to accommodate Ms. Elauf's wearing of a head scarf.

It is anticipated that the EEOC will attempt to introduce evidence of the EEOC's investigation and administrative reasonable cause finding at the trial in this matter. It is also anticipated that the EEOC will attempt to introduce the testimony of Penny Horne, an EEOC paralegal, regarding calculations for back pay allegedly owed to Ms. Elauf.

The EEOC attempted to introduce the same evidence in a lawsuit filed against Abercrombie in the Eastern District of Missouri in 2008. See E.E.O.C. v. Abercrombie & Fitch Stores, Inc., et al., No. 4:08-1470 (E.D. Mo. filed Sept. 25, 2008). The court in that case granted Abercrombie's motion *in limine* to exclude both the EEOC's probable cause finding and its investigator's and paralegal's testimony regarding back pay calculations. See id. (Doc. 67, 68). This situation is no different, and this Court should do the same. Because this evidence is inadmissible and would unfairly prejudice Abercrombie, Abercrombie requests an Order prohibiting the EEOC from presenting the evidence at trial.

**II.     LAW AND ANALYSIS**

    **A.     Evidence of the EEOC's Investigation and Reasonable Cause Finding Should be Excluded.**

In civil actions, the Federal Rules of Evidence allow the admission of "factual findings

3

resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C). Furthermore, Rule 403 of the Federal Rules of Evidence states, in relevant part, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…." Fed. R. Evid. 403.

The Tenth Circuit has held that questions concerning the admission of EEOC determinations are left to the discretion of the trial court. Babich v. Unisys Corp., No. 92-1473-MLB, 1994 U.S. Dist. LEXIS 4744, at *2 (10th Cir. April 8, 1994). However, the trial court must determine whether the prejudicial effect of admitting such evidence outweighs its probative value, thereby rendering it inadmissible under Federal Rule of Evidence 403. See DeSantis v. Napolitano, 2010 U.S. Dist. LEXIS 54236, at *86-87 (D. N.M. May 26, 2010). When determining the trustworthiness and admissibility of administrative reports, a court should consider "(i) the timeliness of the investigation; (ii) the special skill and experience of the official that performs the review and/or investigation; (iii) the extent of the process afforded the allegedly aggrieved individual; and (iv) possible motivational problems implicated when reports are prepared in preparation for litigation rather than in the regular course of business." Ram v. N.M. Dept. of Env't, No. 05-1083, 2006 U.S. Dist. LEXIS 95353, at *5-6 (D. N.M. Dec. 11, 2006) (citing Denny v. Hutchinson Sales Corp., 649 F.2d 816, 821 (10th Cir. 1981)).

Courts in the Tenth Circuit have excluded findings or conclusions rendered by the EEOC and other agencies where "a danger of unfair prejudice would be created by admitting the…EEOC findings, and that this danger substantially outweighs any probative value the findings might have." Babich, 1994 U.S. Dist. LEXIS 4744, at *5. Specifically, courts have excluded administrative reports and materials where "[t]hey are not the product of hearings or of

4

formal procedures aimed at developing a factual record and giving the parties the opportunity to respond to argument and to cross-examine witnesses." Ram, 2006 U.S. Dist. LEXIS 95353, at *9; see also Denny, 649 F.2d 816, 821-22 (affirming trial court's exclusion of agency's findings where findings were result of ex-parte investigation that did not involve formal procedures or provide opportunity for cross-examination).

Moreover, courts have excluded such evidence based on the concern that a jury may attach undue weight to the EEOC's determination in favor of the plaintiff and may be confused by the evidence in administrative findings. See DeSantis, 2010 U.S. Dist. LEXIS 54236, at *86-87 (noting that jury could decide issue based "not upon its own judgment and understanding of the evidence, but on the fact that an ostensibly smart person looked at some evidence—quite possibly evidence that is not presented to the jury—and came to that conclusion."). Other courts have relied on similar concerns in excluding or upholding the exclusion of EEOC determinations. See, e.g., Williams v. The Nashville Network, 132 F.3d 1123, 1129 (6th Cir. 1997) ("[a] strong argument can be made that a jury would attach undue weight to this type of agency determination, viewing it as a finding of discrimination…rather than a mere finding of probable cause"); L'etoile v. New England Finish Sys., 575 F. Supp. 2d 331, 333-34 (D.N.H. 2008) (holding that probative value of state commission and EEOC determinations were outweighed by considerations of undue delay, waste of time, and presentation of cumulative evidence).

Evidence related to the EEOC's reasonable cause finding does not satisfy the criteria for trustworthiness necessary to make it admissible at trial, and allowing the EEOC to present such evidence has the potential to be highly prejudicial to Defendants. First, the evidence did not result from a formal hearing or proceeding where an accurate factual record was developed, and

5

Abercrombie had no opportunity to cross-examine witnesses. See Ram, 2006 U.S. Dist. LEXIS 95353, at *9. Rather, the EEOC's findings are simply the opinion of an official whose "'office and duty does not rise to the [level] of an adjudicator of causes and effects.'" DeSantis, 2010 U.S. Dist. LEXIS 54236, at *84 (quoting Franklin v. Skelly Oil Co., 141 F.2d 568, 572 (1944)). The jurors likely will not have experience with or knowledge of the charge process, and consequently may erroneously believe that a finding of reasonable cause by the EEOC is equivalent to a determination of wrongdoing on Abercrombie's part.

Moreover, the potential probative value of the EEOC's reasonable cause finding is extremely low or even non-existent. The jury is expected to consider the evidence presented at trial and not the evidence considered by the EEOC in its investigation. The effect of admitting such evidence would be to suggest to the jury that it reach the same conclusion as the EEOC investigator. See Hall v. Western Prod. Co., 988 F.2d 1050, 1058 (10th Cir. 1993). Permitting evidence from the EEOC's investigator and of its administrative finding to be offered at trial would require Abercrombie to offer evidence of the EEOC's flawed investigatory and adjudicatory process, and shift the focus from the evidence before the jury to the validity of the EEOC investigator's conclusions. See Ram, 2006 U.S. Dist. LEXIS 95353, at *8. Such evidence is not relevant, prejudicial, and should be excluded.

### B. The Testimony of the EEOC's Paralegal Should Be Excluded.

On its preliminary witness list, the EEOC identifies Penny Horne as the "EEOC Paralegal" to testify as to the "[b]ack pay calculations memo for Charging Party, Samantha Elauf." See Plaintiff EEOC's Preliminary Witness List, no. 12. Ms. Horne's testimony should be excluded. Based upon the EEOC's witness list, it appears that Ms. Horne has reviewed the facts of this case and performed a back pay calculation. This testimony is objectionable for

6

many reasons.

First, Ms. Horne has no personal knowledge upon which to calculate back pay. At most, Ms. Horne has reviewed the facts uncovered in the EEOC's investigation, and now seeks to testify as to the legal significance of those factual findings. This is merely another route to inject the EEOC's investigatory determinations into the case. To the extent there is evidence that Ms. Elauf is entitled to back pay, that evidence must come through a witness with actual knowledge.

Second, to the extent that Ms. Horne intends to make certain assumptions about the evidence in the record and to testify merely to her calculation of back pay based upon those assumptions, her testimony is expert testimony. The calculation of back pay in an employment discrimination case requires expert testimony that satisfies the standards of Rule 702 of the Federal Rules of Evidence. See, e.g., Gray v. Oracle Corp., No. 2:05-CV-534 TS, 2007 U.S. Dist. LEXIS 87637, at *2-3 (D. Utah Nov. 29, 2007); Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 82-83 (3d Cir. 2009).

In this case, the EEOC never identified Ms. Horne as an expert witness. See Plaintiff's Identification of Expert Witness (Doc. 31). The EEOC never produced an expert report from Ms. Horne nor any other expert to testify as to the calculation of back pay. This report was required by the Court's Amended Standard Scheduling Order and by Rule 26(a) of the Federal Rules of Civil Procedure. In offering the testimony of Ms. Horne, the EEOC seeks the opportunity to introduce expert testimony without complying with the procedural or substantive requirements applicable to expert testimony. The testimony of the EEOC regarding its calculation of back pay should be excluded.

## III. CONCLUSION

Based on the above-cited arguments and authorities, Defendant's Motion should be

granted and this Court should enter an Order excluding any argument or evidence, testimonial or documentary, offered by the EEOC relating to its investigation of Ms. Elauf's charge and its reasonable cause finding, and to exclude the testimony of EEOC Paralegal Penny Horne.

        Respectfully Submitted,

        *s/ Mark A. Knueve*
        Mark A. Knueve (Ohio Bar No. 0067074)
        Daniel J. Clark (Ohio Bar No. 0075125)
        Joseph C. Fungsang (Ohio Bar No. 0085751)
        VORYS, SATER, SEYMOUR AND PEASE LLP
        52 East Gay Street
        P.O. Box 1008
        Columbus, Ohio 43216-1008
        (614) 464-6387 (phone)
        (614) 719-4808 (facsimile)
        maknueve@vorys.com (e-mail)
        djclark@vorys.com (e-mail)
        jfungsang@vorys.com (e-mail)
        *Admitted Pro Hac Vice*

        Kristen L. Brightmire, OBA No. 14239
        DOERNER, SAUNDERS, DANIEL &
        ANDERSON, LLP
        Williams Center Tower II
        Two West Second Street, Suite 700
        Tulsa, OK 74103-3725
        (918) 591-5204 (phone)
        (918) 925-5204 (fax)
        kbrightmire@dsda.com (e-mail)

        Attorneys for Defendant

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2011, a copy of the foregoing Defendant's Motion *in Limine* to Exclude Evidence of the EEOC's Investigation and Reasonable Cause Finding and to Exclude Testimony of EEOC Paralegal was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Service will be made by operation of that system upon:

Jeff A. Lee
Equal Employment Opportunity Commission
Area Office of the State of Oklahoma
215 Dean A. McGee Ave.
Suite 524
Oklahoma City, OK 73102
JEFF.LEE@EEOC.GOV

Barbara A. Seely
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
BARBARA.SEELY@EEOC.GOV

Natasha L. Abel
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

Jennifer L. Hope
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

*s/ Joseph C. Fungsang*
Joseph C. Fungsang