# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH STORES, Inc., an Ohio Corporation, d/b/a AbercrombieKids,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 09-CV-602-GKF-FHM<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF LOST WAGES

Pursuant to the Federal Rules of Evidence Rules 401, 402 and 403, Abercrombie and Fitch Stores, Inc. ("Abercrombie" or "Defendant) respectfully moves this Court for an order excluding any evidence, testimonial or documentary, that Plaintiff incurred lost wages (either back pay or front pay) from the jury trial in the above-captioned matter.

A brief Memorandum in Support of this Motion is attached.

　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　*s/ Mark A. Knueve*
　　　　　　　　　　　　　　　　　　Mark A. Knueve (Ohio Bar No. 0067074)
　　　　　　　　　　　　　　　　　　Daniel J. Clark (Ohio Bar No. 0075125)
　　　　　　　　　　　　　　　　　　Joseph C. Fungsang (Ohio Bar No. 0085751)
　　　　　　　　　　　　　　　　　　VORYS, SATER, SEYMOUR AND PEASE LLP
　　　　　　　　　　　　　　　　　　52 East Gay Street
　　　　　　　　　　　　　　　　　　P.O. Box 1008
　　　　　　　　　　　　　　　　　　Columbus, Ohio 43216-1008
　　　　　　　　　　　　　　　　　　(614) 464-6387 (phone)
　　　　　　　　　　　　　　　　　　(614) 719-4808 (facsimile)
　　　　　　　　　　　　　　　　　　maknueve@vorys.com (e-mail)
　　　　　　　　　　　　　　　　　　djclark@vorys.com (e-mail)
　　　　　　　　　　　　　　　　　　jfungsang@vorys.com (e-mail)
　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

The Equal Employment Opportunity Commission ("EEOC") brings this case on behalf of Samantha Elauf under Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC has indicated an intention to pursue an award of lost wages, including back pay and front pay, on behalf of Ms. Elauf. See Complaint at 3 ¶ C. It is undisputed that Ms. Elauf was hired by Forever XXI within days after her employment interview with Abercrombie, before she would have been scheduled to work at Abercrombie had she been hired. Thus, Ms. Elauf is not entitled to lost wages because she would not have been scheduled to work until one to two weeks after her employment interview, by which time she was already employed by Forever XXI.

Under the law, Plaintiff's claim for lost wages is a claim for equitable, not legal, relief. Equitable relief is to be decided by the Court, not the jury. Accordingly, evidence or argument in support of such damages should not be presented to the jury, and the jury should be instructed not to consider lost wages in any award of compensatory damages.

**II.    LAW AND ANALYSIS**

   **A.     Lost Wages Are an Equitable Remedy to be Awarded by the Court, Not the Jury.**

Back pay is available to a successful plaintiff under Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e-5(g)(1). Specifically, a plaintiff can obtain "reinstatement, with or without back pay,…or ***any other equitable relief*** as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1) (emphasis added). Thus, Title VII "leaves to the discretion of the trial court the amount of back pay to be awarded a successful plaintiff in an employment discrimination action." Whatley v. Skaggs Cos., 707 F.2d 1129, 1138 (10th Cir. 1983). "[A]n award of [the equitable relief of] back pay is a decision not for the jury but for the court." Baty v. Willamette

Indus., 985 F. Supp. 987, 999 (D. Kan. 1997).

Similarly, front pay is available to a successful plaintiff under Title VII as a form of "other equitable relief" that a court may grant if deemed appropriate under 42 U.S.C. § 2000e-5(g). Medlock v. Ortho Biotech, 164 F.3d 545, 556 (10th Cir. 1999). In the Tenth Circuit, front pay is an equitable remedy to be determined by the judge, not the jury. McCue v. Kansas Department of Human Resources, 165 F.3d 784, 791 (10th Cir. 1999) (agreeing that "front pay is a form of equitable relief available under 42 U.S.C. § 2000e-5(g), to be awarded by the judge, not the jury"); Hall v. Claussen, 6 Fed. Appx. 655, 681 (10th Cir. 2001) ("the determination of front pay is for the court rather than for the jury"); Whittington v. Nordam Group Inc., 429 F.3d 986, 1000 (10th Cir. 2005) (same).

Because lost wages are an issue for the Court to decide, not the jury, this Court should exclude any such evidence or argument regarding lost wages from the jury trial.

**B.     Elauf Would Not Be Entitled to Lost Wages in the Form of Back Pay or Front Pay.**

Under Title VII, back pay awarded to a successful plaintiff is calculated as the amount of money the plaintiff would have earned from the date of unlawful termination until the date judgment is entered, less any wages actually earned during the that time period. See Daniel v. Loveridge, 32 F.3d 1472, 1477 (10th Cir.1994); Ziegler v. K-Mart Corp., No. 95-3019, 1996 U.S. App. LEXIS 336, at *20-21 (10th Cir. Jan. 10, 1996). Similarly, a court's award of front pay award must specify an end date and take into account any amount that a plaintiff could earn using reasonable efforts. Davoll v. Webb, 194 F.3d 1116, 1143 (10th Cir. 1999); Thornton v. Kaplan, 961 F. Supp. 1433, 1440 (D. Colo. 1996) ("In considering plaintiff's ability to mitigate his damages, the court may consider the availability of job opportunities and the period within which one by reasonable efforts may be re-employed, in addition to work and life expectancies,

and appropriate discount factors.").

In the instant case, Ms. Elauf testified that she participated in an employment interview with Abercrombie on or around June 27, 2008. Elauf Dep. at 53, 72.[1] Ms. Elauf testified that she was hired by Forever XXI on or around July 2, 2008, and began working at Forever XXI on or around July 3, 2008. Elauf Dep. at 72-73.[2]

Randall Johnson, the Abercrombie District Manager overseeing the applicable district at the time, testified that an applicant for the Model position, if hired, would not be scheduled to work until one to two weeks after the date of the interview. Johnson Dep. at 92-93.[3] Ms. Elauf began her employment at Forever XXI less than one week after her interview with Abercrombie, during which time she could not have been scheduled for any shifts at Abercrombie even if she had been hired. Simply put, Ms. Elauf suffered no economic loss between the date of the Abercrombie interview and her subsequent employment with Forever XXI. Accordingly, Ms. Elauf is not entitled to lost wages in the form of back pay or front pay.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully moves this Court for an Order excluding any evidence, testimonial or documentary, that Ms. Elauf incurred or is entitled to lost wages in the form of back pay or front pay.

---

[1] The cited to pages of Samantha Elauf's deposition are attached as Exhibit A and are referred to herein as "Elauf Dep. at __."

[2] Ms. Elauf continued to be employed at Forever XXI as of the day of her deposition, January 4, 2011. Elauf Dep. at 48.

[3] The cited to pages of Randall W. Johnson's deposition are attached as Exhibit B and are referred to herein as "Johnson Dep. at __."

Respectfully Submitted,

*s/ Mark A. Knueve*
Mark A. Knueve (Ohio Bar No. 0067074)
Daniel J. Clark (Ohio Bar No. 0075125)
Joseph C. Fungsang (Ohio Bar No. 0085751)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6387 (phone)
(614) 719-4808 (facsimile)
maknueve@vorys.com (e-mail)
djclark@vorys.com (e-mail)
jfungsang@vorys.com (e-mail)
*Admitted Pro Hac Vice*

Kristen L. Brightmire, OBA No. 14239
DOERNER, SAUNDERS, DANIEL &
ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3725
(918) 591-5204 (phone)
(918) 925-5204 (fax)
kbrightmire@dsda.com (e-mail)

Attorneys for Defendant

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2011, a copy of the foregoing Defendant's Motion *in Limine* to Exclude Evidence of Lost Wages was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Service will be made by operation of that system upon:

Jeff A. Lee
Equal Employment Opportunity Commission
Area Office of the State of Oklahoma
215 Dean A. McGee Ave.
Suite 524
Oklahoma City, OK 73102
JEFF.LEE@EEOC.GOV

Barbara A. Seely
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
BARBARA.SEELY@EEOC.GOV

Natasha L. Abel
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

Jennifer L. Hope
Equal Employment Opportunity Commission
801 Market St., Suite 1300
Philadelphia, PA 19107

    *s/Joseph C. Fungsang*
    Joseph C. Fungsang