**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-CV-602-GKF-FHM |
| | ) | |
| ABERCROMBIE & FITCH STORES, Inc., | ) | |
| an Ohio Corporation d/b/a AbercrombieKids, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF EEOC'S FIRST MOTION *IN LIMINE***

The EEOC hereby moves, *in limine*, to preclude Abercrombie & Fitch Store, Inc., under

Federal Rules of Evidence 401 and 402 from introducing at trial any evidence, testimony, or

argument relating to EEOC's investigation of Samantha Elauf's Charge of Discrimination or the

satisfaction of its obligation to conciliate the Charge prior to filing this action as required by

Section 706(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(b).

EEOC's Motion includes a request to preclude the following witnesses identified in Defendant's

Witness List as filed on February 28, 2011:

1) An "EEOC Representative" to elicit testimony about conciliation efforts;

2) EEOC Investigator Marilyn Koshiway; and

3) Razi Hashmi, Executive Director of the Council for American-Islamic Relations.

Any testimony by or about these three witnesses, or any evidence or argument regarding

the filing of the Charge of Discrimination, EEOC's investigation of that Charge, or the

conciliation process[1] is irrelevant because Abercrombie admitted that EEOC satisfied all

---

[1] This includes, but is not limited to, the Charge of Discrimination, the EEOC EAS Questionnaire, the Letter of
Determination and the Failure to Conciliate letter from EEOC to Abercrombie.

administrative prerequisites prior to filing suit ("conditions precedent") in its Answer.

Furthermore, Koshiway and Hashmi's testimony should be excluded pursuant to Rule 602 and

801 as they lack personal knowledge of the facts underlying this action and their testimony

would be inadmissible hearsay.

## I.   ARGUMENT

Section 706(b) of Title VII sets forth the following conditions precedent that EEOC must

satisfy prior to filing a lawsuit:

> Whenever a charge is filed by or on behalf of a person claiming to
> be aggrieved . . . the Commission shall serve a notice of the charge
> (including the date, place and circumstances of the alleged
> unlawful employment practice) on such employer . . . within ten
> days, and shall make an investigation thereof . . . . If the
> Commission determines after such investigation that there is
> reasonable cause to believe that the charge is true, the Commission
> shall endeavor to eliminate any such alleged unlawful employment
> practice by informal methods of conference, conciliation and
> persuasion.

42 U.S.C. § 2000-5(b).

### A.   EEOC's Investigation And Conciliation Efforts Are Irrelevant Since
### Defendant Admitted In Its Answer That EEOC Satisfied All Conditions
### Precedent

In its preliminary Witness List, Abercrombie has identified 1) an "Equal Employment

Opportunity Commission Representative" to testify about "conciliation efforts in this litigation";

2) EEOC Investigator Marilyn Koshiway to testify about the investigation of Samantha Elauf's

charge of discrimination against Abercrombie and 3) Razi Hashmi to testify regarding the EEOC

charge and communications with Elauf relating to her charge during the investigation. EEOC

objects to these witnesses and proposed evidence as irrelevant.

Abercrombie has waived its right to raise any failure by EEOC to satisfy its conditions

precedent, including the sufficiency of EEOC's investigation or EEOC's obligation to conciliate

in good faith.  EEOC averred in Paragraph 5 of its Complaint that "[a]ll conditions precedent to

the institution of this suit have been fulfilled."  *See* Compl. ¶ 5.  In its answer to Paragraph 5 of

the Complaint, Defendant states in full: "Defendant admits the allegations contained in paragraph 5

of the Complaint." Def. Answer ¶ 5.  As EEOC's averment is admitted, Abercrombie is precluded

from now arguing the contrary.  *See Kara v. Fla. Pub. Utils. Co.*, Action No. 06-572 (MCR),

2008 U.S. Dist. LEXIS 8776, at *8-9, 2008 WL 345590, at *3 (M.D. Fla. Feb. 6, 2008) (finding

no authority supporting defendant argument that plaintiff failed to comply with the statutory

administrative conditions precedent since defendant "admitted in its answer that plaintiff

performed his obligations under the statutory provisions under which he has brought suit")

(internal quotations omitted). *See also Jackson v. Seaboard C. L. R. Co.*, 678 F.2d 992, 1010

(11th Cir. 1982) ("If, however, the defendant does not deny the satisfaction of the preconditions

specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the

defendant cannot later assert that a condition precedent has not been met") (*citing EEOC v. Stand.*

*Forge and Axle Co., Inc.*, 496 F.2d 1392, 1395 (5th Cir. 1974)); *Ginsburg v. Ins. Co. of N. Am.*,

427 F.2d 1318, 1322 (6th Cir. 1970). *See also EEOC v. Serv. Temps*, 2010 U.S. Dist. LEXIS

58297, at *3, 2010 WL 1644909, at *4 (N.D. Tex. June 11, 2010) ("Any condition precedent to

filing suit that is not denied with particularity is deemed admitted, and it cannot be raised later in

the litigation") (*citing Ayres v. Baxter*, 2001 U.S. Dist. LEXIS 3722, 2001 WL 294224, at *4

(N.D. Tex. Mar. 27, 2001)).

　　　　"'Relevant evidence' means evidence having any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence." Fed. R. Evid. 401.  "Evidence which is not relevant is not

admissible." Fed. R. Evid. 402.  Given that Abercrombie admits that EEOC satisfied its

conditions precedents, the introduction of witnesses to testify about the investigation or

conciliation process, or any other evidence regarding the investigation or conciliation process,

would be irrelevant as facts regarding EEOC's conditions precedents are not "of consequence."

*See* Fed. R. Evid. 401, 402.

Even if Defendant had not admitted that EEOC had satisfied its conditions precedent, an

employer may not defeat a claim of discrimination by attacking the sufficiency of EEOC's

investigation of the underlying charge. *See EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th

Cir. 1984) (reversing the district court's grant of summary judgment to the employer, on the

issue of whether EEOC investigated and conciliated the charge, on the basis that the lower court

erred by inquiring into the sufficiency of the Commission's administrative investigation).  The

purpose of the EEOC's investigation of a charge of discrimination is to determine whether

reasonable cause exists to believe that discrimination occurred.  The determination issued as a

result of the investigation is designed to notify the parties of the EEOC's findings, and if

reasonable cause is found, to provide a basis for conciliation. *Id.*  The results of an administrative

investigation do not serve to adjudicate the rights of any party.  Indeed, the parties are entitled to

a *de novo* trial in district court.  The quality of the EEOC investigation thereby becomes

irrelevant upon the eve of trial.[2]  Moreover, such evidence and witnesses would only serve to

---

[2] Additionally, allowing employers to challenge EEOC's investigations would cause considerable delay and such a foray lacks legislative support. As set forth in *EEOC v. Chicago Miniature Lamp Works*, 526 F. Supp. 974 (N.D. Ill. 1981):

> That line of inquiry would deflect the efforts of both the court and the parties from the main purpose of this litigation: to determine whether [the defendant] has actually violated Title VII . . . [Defendant's] theory would entitle *every* Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination. . . . effectively mak[ing] every Title VII suit a two-step action: First, the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action.

526 F. Supp. at 975.  *See also EEOC v. E.I. DuPont de Nemours & Co.*, 373 F. Supp. 1321, 1338 (D. Del. 1974) (noting that Congress did not intend for federal courts to review the factual basis for determinations as "the potential

distract the jury from the real issue in controversy – unlawful religious discrimination – and instead, seek to focus on the agency's procedures.

Accordingly, EEOC respectfully requests that Abercrombie be precluded from calling an EEOC Representative, EEOC Investigator Marilyn Koshiway, or Razi Hashmi, or any other witness, to testify regarding the sufficiency of EEOC's conciliation efforts, EEOC's investigation or any facts bearing on EEOC's pre-suit statutory obligations at trial.  Any such testimony is not relevant, and therefore inadmissible. *See* Fed. R. Evid. 402.

### B.  The Adequacy Of EEOC's Investigation Is Not An Issue of Fact For The Jury To Consider

The question of whether or not EEOC has satisfied its statutory preconditions to filing suit is one of law and, therefore, is not properly placed before the jury as the trier of *fact*. *Khader v. Les Aspin*, 1 F.3d 968, 970 (10th Cir. 1993) (stating that exhaustion of administrative prerequisites is a question of law); *EEOC v. Serv. Temps*, Action No. 08-1552 (SAF), 2010 U.S. Dist. LEXIS 58297, at *11, 2010 WL 2381499, at *3 (N.D. Tex. June 11, 2010) ("[T]he question of conciliation does not present an issue for the trier of fact").  Thus, in the event that this Court does not grant EEOC's motion for the above-referenced instruction to preclude any evidence or inquiry into EEOC's investigation or conciliation efforts, including the introduction of the aforementioned witnesses, EEOC herein requests that any evidence, testimony or argument into EEOC's satisfaction of its conditions precedent, including the investigation or conciliation, occur outside of the jury's presence.

---

for delay and diversion which such an undertaking would create is substantial").

### C. EEOC Investigator Marilyn Koshiway's Testimony Is Further Inadmissible As She Lacks Personal Knowledge, And Any Testimony Would Be Inadmissible, Cumulative, And Irrelevant

#### 1. Koshiway lacks personal knowledge of the underlying events and her testimony is inadmissible under Rule 602

In addition to the reasons set forth *supra*, Koshiway's testimony should be precluded because she lacks personal knowledge of the acts giving rise to the claims in this action. *See* Fed. R. Evid. 602. As an EEOC Investigator, Koshiway was assigned to perform work on the EEOC charge which underlies this lawsuit. Ms. Koshiway's work on that charge included interviewing witnesses who had knowledge of the acts giving rise to Elauf's Charge of Discrimination. Any and all factual information obtained by Koshiway during those witness interviews and throughout her investigation was reduced to writing and made a part of the EEOC's charge file, which has been produced to Defendant. Koshiway has no personal or first-hand knowledge about the facts underlying the Charge or this action as required under Rule 602 and, therefore, her testimony is hearsay under Rule 801. *See Kaster v. Safeco Ins. Co. of Am.*, 212 F. Supp. 2d 1264, 1277 (D. Kan. 2002) (finding inadmissible testimony where the witness had no first hand knowledge of the alleged issue). Additionally, since EEOC's entire factual record has been produced to Abercrombie, any testimony Koshiway could provide would be cumulative and prohibited by Rule 403. Therefore, her testimony should be precluded as inadmissible.

#### 2. An EEOC Investigator's testimony is protected under the Deliberative Process Privilege

Moreover, any examination of Koshiway would inevitably lead to inquiries into her mental impressions, analyses, opinions and recommendations. These types of non-factual information are protected from disclosure by the deliberative process privilege, which the Supreme Court has recognized and courts have routinely upheld. *See NLRB v. Sears, Roebuck &*

*Co.,* 421 U.S. 132, 151-152 (1975) (recognizing the government's right to claim a deliberative process privilege over documents that are "pre-decisional" and "deliberative" in nature); *Allen v. Hearst Corp.*, Action Nos. 90-52, 90-3012, 1991 U.S. Dist. LEXIS 19096, at *1, 1991 WL 323020, at *1 (D. Md. Aug. 21, 1991) (denying motion to compel production of Commission memorandum on grounds of deliberative process privilege.); *EEOC v. Pasta House Co.,* Action No. 94-1715 (TAI), 1996 U.S. Dist. LEXIS 3812, 1996 WL 153959 (E.D. Mo. Jan. 29, 1996) (denying motion to compel production letter from EEOC General Counsel to members of the Commission on grounds of deliberative process privilege). The privilege protects against disclosure of "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *City of Virginia Beach v. Dep't of Commerce,* 995 F.2d 1247, 1253 (4th Cir. 1993).

The purpose of the privilege is to "prevent injury to the quality of agency decisions," *Sears, Roebuck & Co.,* 421 U.S. at 151, and protect the integrity of the decision-making processes of administrative agencies as "there are certain governmental processes related to the legal and policy decisions which cannot be carried out effectively if they must be carried out under the public eye." *Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 881 (5th Cir. 1981).  The rationale of *Branch* applies to the testimony of an EEOC investigator. *Scott v. PPG Ind., Inc.*, 142 F.R.D. 291, 293 (N.D.W.Va. 1992).  The privilege rests, in part, on the same need for open communication that supports the attorney-client privilege, as well as the long recognized need for government officials to formulate and provide advice in an open environment of intellectual debate, without fear that private deliberative comment will become a matter of public scrutiny. *Montrose Chem. Corp. v. Train*, 491 F.2d 63, 70 (D.C. Cir. 1974); *EEOC v. Sears,* 111 F.R.D.

385, 390 (N.D. Ill. July 16, 1986).  Neither the EEOC nor any other government agency waives its deliberative process privilege merely by becoming a plaintiff in a lawsuit.

The deliberative process privilege precludes Koshiway from discussing the deliberations and recommendations made by various employees of the EEOC, including the factors considered in making the ultimate cause determination.  The deliberative process privilege would also protect disclosure of the agency's reasons for selecting which witnesses to interview, as such an inquiry would call for testimony regarding the thought process of EEOC employees.  In this case, Ms. Koshiway's testimony would therefore be limited to authenticating documents from the file, which can likely be dealt with prior to trial by stipulation of the parties.  Any other information sought by Defendant regarding the evidence, analysis or thought processes relied upon in making the EEOC's cause determination or litigation recommendation falls squarely within the deliberative process privilege. *See EEOC v. Windsor Court Hotel, Inc., et. al.*, Action No. 98-2765 (SS), 1999 U.S. Dist. LEXIS 9428, 1999 WL 407610 (E.D. La. June 17, 1999). *See also EEOC v. Fina Oil and Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992).

   **D.   Razi Hashmi Lacks Personal Knowledge And Any Testimony Regarding His Conversations With Elauf Or Anyone Else About This Action Or Underlying Charge Is Irrelevant And Hearsay, And Is Properly Precluded**
   .

Abercrombie seeks to introduce Hashmi to testify regarding "communications with or regarding Samatha Elauf with regard to Plaintiff's claims in this case and the EEOC Charge against Defendant, as well as communications with other individuals involved in this litigation." Any testimony elicited from Hashmi related to the Charge in this case or litigation is irrelevant and improper as Defendant has admitted, *see supra*, that EEOC has satisfied all conditions precedent to the filing of this action, including EEOC's obligation to investigate the Charge.

Furthermore, Hashmi lacks personal knowledge of the facts underlying the claims and asserted defenses in this action and his testimony is irrelevant and inadmissible hearsay.

### 1. Hashmi's has no personal knowledge of the facts underlying the claims and asserted defenses in this case as required under Rule 602

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. *Argo v. Blue Cross & Blue Shield of Kan., Inc*., 452 F.3d 1193, 1200 (10th Cir. 2006) (stating that testimony about an event that a person did not perceive or observe is inadmissible because it lacks personal knowledge); *Zokari v. Gates*, 561 F.3d 1076, 1089 (10th Cir. 2009). In *Zokari*, the plaintiff appealed the district court's grant of summary judgment in the defendant's favor arguing, in part, that the district court improperly excluded the testimony of a former employee regarding the employer's alleged biased evaluation process. *Id.* at 1079, 1088-89.  The district court found, and the Tenth Circuit agreed, that the former employee did not have knowledge of any other evaluations scores but his own and, therefore, he lacked the personal knowledge of the *relevant* issues in the case pursuant to Rule 602. *Id.* at 1089.

The issue in this case is whether Abercrombie unlawfully denied Elauf employment because she wears a headscarf and further failed to provide a reasonable accommodation to her. Hashmi is not a party in this action, either individually or as the Executive Director of the Council for America-Islamic Relations ("CAIR").  Hasmi has not testified that he has personal knowledge of the events at issue in this case. Nor has any witness testified that Hashmi witnessed or has relevant information relevant to Abercrombie denying Elauf employment because of her need to wear a headscarf or had any relationship with the Elauf that would render his testimony relevant.  Therefore, Hashmi must be precluded as a witness at trial because he lacks personal knowledge of any relevant issue and his testimony would have no tendency to

establish any fact of consequence to the determination of this action. *See* Fed. R. Evid. 602, 401, 402; *U.S. v. Staples*, 971 F.2d 608, 613-14 (10th Cir. 1992), *rev'd on other grounds*, 511 U.S. 600 (1994) (excluding evidence which "bore no direct relationship to any of the elements" of the cause of action).

### 2. Any testimony from Hashmi regarding his conversations with Elauf is irrelevant and hearsay.

Abercrombie has further asserted that it intends to call Hashmi to testify about his conversations with Elauf. Any conversations between Elauf and Hashmi are irrelevant and inadmissible hearsay because neither Elauf nor Hashmi is a party to this case and Hashmi lacks personal knowledge of the facts supporting EEOC's claim.

### a. Hashmi's testimony is irrelevant

As set forth above, any conversation between Elauf and Hashmi is not relevant to whether Abercrombie failed to hire Samatha because she wore a headscarf. Discovery obtained in this case indicates that the sum total of Hashmi's involvement in this case is as follows:

1) Based upon the recommendation of a family friend, Elauf visited the office of CAIR and spoke with Hashmi following the incidents that gave rise to this action. *See* (Ex. 1, Elauf Dep. 85-86:24-5).

2) Hashmi, as a representative of CAIR, assisted Elauf in filing a Charge of Discrimination at the EEOC, including agreeing to be her agent regarding the incidents at Abercrombie. *See* (Ex. 1, Elauf Dep. 87:12-17; 92:4-12).

3) The record reflects that Hashmi followed up with the EEOC to check the status of the investigation of Elauf's Charge. *See* (Ex. 2, EEOC 00061, 00033-34, 00021-22, 00018-20).

4)      The last time Elauf spoke with a CAIR representative was shortly after filing

this lawsuit. *See* (Ex. 1, Elauf Dep. 10-11: 22-1).

None of these events have any bearing on Abercrombie's employment practices or a

determination of whether Elauf was unlawfully denied employment or provided a reasonable

religious accommodation.  Therefore, any testimony offered by Hashimi of any conversation

between himself and Elauf or anyone else has *no* "tendency to make the existence of any fact

that is of consequence to the determination of this action more probably or less probably than it

would be without evidence." Fed. R. Evid. 401. Thus, Hashmi's testimony should be precluded.

### b.  Hashmi's testimony about conversation with Elauf or any other non-party witness is hearsay

"'Hearsay' is a statement, other than one made by the declarant while testifying at the

trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid.

801(c). A statement is not hearsay where made by a party or party's agent. *See* Fed. R. Evid.

801(d)(2). Any testimony by Hashmi about statements allegedly made by Elauf is inadmissible

hearsay.  The only parties to this action are EEOC and Abercrombie. *See EEOC v. Waffle House*,

534 U.S. 279, 291 (2002) ("[T]he employee has no independent cause of action . . .[and t]he

statute clearly makes the EEOC the master of its own case").  Elauf is not a party. Clearly,

Hashmi is not an agent nor has he ever been an agent to either of the named parties.  Their

statements therefore do not qualify as party-opponent admission under Rule 801(d). *See* Fed. R.

Evid. 801(d). *Compare EEOC v. Luihn Food Sys.*, 2011 U.S. Dist. LEXIS 13911 (stating that by

virtue of having intervened, party-intervenors statements are party-opponent admissions).  Their

statements do not fall under *any* hearsay exception and are inadmissible. Therefore, Hashmi's

testimony as to any conversations with Elauf should be precluded pursuant to Rule 801.

**3. Defendant only seeks to call Hashmi in an attempt to impermissibly prejudice Plaintiff and his testimony should be precluded under Rule 403, 404 and 608**

Even if the Court found that Hashmi's testimony was in some way relevant to this action, any sliver of probative value would be substantially outweighed by the unfair prejudice and should be excluded under Rule 403.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  At the time the Charge of Discrimination was filed, Hashmi was the Executive Director of Oklahoma chapter of CAIR.  As set forth more fully in EEOC's Second Motion in Limine, CAIR's name has been prominent in national, state and local media for its lawsuit against the State of Oklahoma challenging the constitutionality of a recent state ballot measure that bars judges from considering Sharia law in any ruling. Additionally, CAIR is a named, unindicted co-conspirator in *United States v. Holy Land Found. For Relief and Dev.*, 3:04-cv-240 (N.D. Tex. 2008), wherein a jury found the defendant guilty of providing material support to Hamas, a designated foreign terrorist organization.  Due to CAIR's reputation in relationship to the recently passed Sharia law ballot measure and its association with terrorism, whether substantiated or not, any evidence of CAIR assisting Elauf to file a Charge with the EEOC, since irrelevant, would only be introduced by Abercrombie to inflame the passion of jurors and unfairly prejudice Plaintiff. This type of association-evidence is irrelevant to the issues of this case, improper and would only serve to distract and prejudice jurors against EEOC and Elauf. Thus, Hashmi's testimony should be precluded under 403, 404 and 608.

## II.     CONCLUSION

For the foregoing reasons, EEOC respectfully requests that this Court provide an instruction, consistent with EEOC's Proposed Order, precluding introduction of any evidence, including the testimony of an EEOC Representative, EEOC Investigator Marilyn Koshiway and Razi Hashmi, related to EEOC's conditions precedents, including the investigation of Samantha Elauf's Charge and EEOC's conciliation efforts. Alternatively, because any issues related to EEOC fulfillment of its pre-litigation requirements are questions of law, EEOC requests that any such evidence be offered outside the presence of the jury.  Furthermore, the testimony of Ms. Koshiway and Hashmi should be precluded as they lack personal knowledge of the facts underlying this action *and* any testimony would be inadmissible hearsay or impermissible character evidence.  Finally, in the case of Hashmi, his testimony would be unduly inflammatory and prejudicial under Rule 403.

Dated: April 15, 2011                                          Respectfully submitted,


                                                              */s/* Barbara A Seely
                                                              BARBARA A. SEELY

                                                              Regional Attorney
                                                              EQUAL EMPLOYMENT OPPORTUNITY
                                                              COMMISSION
                                                              1222 Spruce St., Room 8.100
                                                              St. Louis, MO 63103
                                                              (314) 539-7910
                                                              (314) 539-7895 FAX

                                                              */s/* Jeff A. Lee
                                                              JEFF A. LEE

                                                              Trial Attorney
                                                              EQUAL EMPLOYMENT OPPORTUNITY
                                                              COMMISSION

215 Dean A. McGee Avenue. Suite 524
Oklahoma City, Oklahoma 73102
(405) 231-4375
(405) 231-5816 FAX

/s/ Jennifer L. Hope
JENNIFER L. HOPE

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX

/s/ Natasha L. Abel
NATASHA L. ABEL

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX