## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 09-CV-602-GKF-FHM ) |
| ABERCROMBIE & FITCH STORES, Inc., an Ohio Corporation d/b/a AbercrombieKids, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF EEOC'S SECOND MOTION *IN LIMINE*

Plaintiff, Equal Employment Opportunity Commission, files this Motion *In Limine* to preclude evidence, testimony, or argument relating to the Council on American Islamic Relations (CAIR) and, specifically, to strike designated Trial Exhibits listed by Defendant.

**I.      ARGUMENT**

      **A.  Summary Of The Evidence That Must Be Excluded**

EEOC seeks to preclude the following testimony, evidence, or argument at trial related to: (1) correspondence from CAIR sent to the EEOC and to Abercrombie District Manager Randall Johnson during the investigation of Samantha Elauf's Charge of Discrimination; (2) documents from or pertaining to CAIR produced as part of the Charge file and used during Elauf's deposition; (3) any testimony or argument referencing CAIR with regard to its conduct outside the context of this lawsuit. EEOC, specifically, seeks to exclude the following correspondence identified by Abercrombie for use at trial:

        a. Email from Razi Hashmi, the then Executive Director of CAIR, to James Habas at the EEOC dated August 14, 2008. (Ex. 1, EEOC 00061);

    b. Email correspondence between Hashmi and EEOC Investigator Marilyn Koshiway on September 8-9, 2008. (Ex. 1, EEOC 00033-34);

    c. Fax from CAIR to Koshiway dated August 28, 2008 with a copy of a CAIR incident report. (Ex. 1, EEOC 00037-00038);

    d. Letter from CAIR to Koshiway dated December 26, 2008. (Ex. 1, EEOC 00021-22);

    e. Letter, dated April 8, 2009, from CAIR to Marilyn Koshiway expressing concern that Hashmi has been unable to reach EEOC. (Ex. 1, EEOC 00018-00020);

    f. Letter to District Manager Johnson from CAIR regarding Elauf's Charge, dated July 29, 2008. (Ex. 1, EEOC 00048-00049);

    g. Notes dated July 15, 2008 and July 28, 2008. *See* Ex. 1, EEOC 00040, 00044, 00046. Elauf has testified that she did not author those notes or maintain any notes relating to the incidents at issue. (Ex. 2, Elauf Def. 92:13-15; 94:3-5, 22:16-21);

    h. A CAIR incident report form dated July 16, 2008. (Ex. 1, EEOC 00038);

    i. Elauf's "Information Release Statement" to CAIR. (Ex. 1, EEOC 00039).

EEOC also seeks to preclude inquisition or the introduction of deposition testimony from Elauf and Plaintiff's expert, Dr. John Esposito, relating to CAIR. Pursuant to Rules 401, the aforementioned evidence and testimony is wholly irrelevant to the claims at issue in this case. Any relevancy in the introduction of any evidence, testimony or argument relating to CAIR is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Further, the exhibits and testimony Abercrombie seeks to introduce is hearsay and will lead to improper character evidence under rule 404 and 608.

### B. Exhibits And Testimony Related To CAIR Are Inadmissible Pursuant to Rules 402, 403, 404, 608 and 801

#### 1. CAIR is not relevant to any fact of consequence in this action

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. CAIR is not a party to this action nor is any representative of CAIR a witness to any event related to the claims alleged in the Complaint. Thus, any evidence presented at trial concerning CAIR is wholly irrelevant and inadmissible.

Discovery obtained in this case indicates that the sum total of CAIR's involvement in this case, through its then Executive Director Hashmi, is as follows:

1) Based upon the recommendation of a family friend, Elauf visited the office of CAIR and spoke with Hashmi following the incidents that gave rise to this action. *See* (Ex. 2, Elauf Dep. 85-86:24-5);

2) CAIR brought Elauf to the EEOC so that she could file her charge and had Elauf sign an agreement that it would be her agent for purposes of filing her complaint of discrimination.[1] *See* (Ex. 2, Elauf Dep. 87:12-17; 92:4-12);

3) The record reflects that Hashmi followed up with the EEOC to check the status of the investigation of Elauf's Charge. *See* (Ex. 1, EEOC 00061, 00033-34, 00021-22, 00018-20); and

4) Elauf has not spoken to any CAIR representative in over a year. *See* (Ex. 2, Elauf Dep. 10-11: 22-1).

None of these events have any bearing on Abercrombie's employment practices or a determination of whether Elauf was unlawfully denied employment or provided a reasonable

---

[1] The "Information Release Statement" signed by Elauf authorized CAIR to act as Elauf's "representative in regards to [her] complaint of discrimination and any related matter to the incident that occurred on 06/23/2008 with/at Abercrombie . . . ." *See* (Ex. 1, EEOC 00039). The release specifically denotes that CAIR is *not* Elauf's legal representative. *Id.* EEOC is the only named Plaintiff in this action and there is no agency agreement between EEOC and CAIR.

3

religious accommodation.  Therefore, any testimony regarding CAIR has *no* "tendency to make the existence of any fact that is of consequence to the determination of this action more probably or less probably than it would be without evidence." Fed. R. Evid. 401. *Compare U.S. v. Boos*, 1999 U.S. App. LEXIS 454, at *23 (10th Cir. Jan. 14, 1999) (finding the district court did not abuse its discretion in denying defendant's motion *in limine* to exclude evidence of his association with a tax protesting organization where such evidence was relevant to the claim that the defendant conspired to obstruct internal revenue laws) (*citing U.S. v. Sloan*, 65 F.3d 861, 864 (10th Cir. 1995) (finding defendant's gang membership relevant to show existence of a conspiracy between defendant and other participants in the indicted offense, and as more probative than prejudicial)).

### 2. Allowing evidence, testimony or argument regarding CAIR will cause unfair prejudice and represents improper character evidence pursuant to Rules 403, 404 and 608

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Even if there was minimal probative value in referencing CAIR during the trial, evoking CAIR would be highly and unduly prejudicial to Plaintiff.

During the deposition of EEOC expert Dr. John Esposito, Defendant's counsel testified, and Mr. Esposito acknowledged, that CAIR had been an unindicted co-conspirator in *United States v. Holy Land Found. For Relief and Dev.*, 3:04-cv-240 (N.D. Tex. 2008), wherein a jury found the Holy Land Foundation For Relief and Development guilty of providing material support to Hamas, a an organization designated by the United States as a foreign terrorist organization.  *See* (Ex. 3, Esposito Dep. 95:3-21). Additionally, CAIR's name has been prominent in national, state and local media for its current Executive Director's lawsuit against

4

the State of Oklahoma challenging the constitutionality of a state ballot measure that bars judges from considering Sharia law in any ruling. *See Awad v. Ziriax et al.*, Action No. 10-1186 (W.D. Okla.). *See also*, *e.g.*, (Ex. 4 (Mark Schlacktenhaufen, *CAIR-OK launches anti-Sharia bill campaign*, The Edmond Sun, Mar. 18, 2011, *available at* http://www.edmondsun.com/local/x740880415/CAIR-OK-launches-anti-Sharia-bill-campaign; Barbara Hoberock, *Suit filed against SQ 755, Shariah law*, Tulsa World, November 5, 2010, *available at* *http://www.tulsaworld.com/news/article.aspx?subjectid=16&articleid=20101105_16_A1_CUTLIN886359*; Julie Bisbee, *Candidate turns down $25 from Islamic group official*, Tulsa World, July 15, 2010, *available at* http://www.tulsaworld.com/news/article.aspx?subjectid=16&articleid=20100715_12_0_OKLAHO145650&allcom=1)).  Given CAIR's association with a convicted terrorist organization and its prominent place in the public discussion over Sharia law in Oklahoma, the mere mention of CAIR at trial would severely and improperly impugn the credibility of EEOC and Elauf. This is clearly prejudicial and outweighs *any* probative value that may exist in eliciting evidence related to CAIR. *See* Fed. R. Evid. 403.

  Elauf is not being accused of terrorism, has made absolutely no statements pertaining to her thoughts or interpretation of Sharia law, including the recent Oklahoma ballot measure, and, the minimal contact she had with representatives of CAIR was brief and occurred over one year ago. Neither Elauf's interaction with CAIR nor *any* other fact regarding CAIR has any probative value as to whether *Defendant* discriminated against Elauf. Moreover, any attempt to insert CAIR into this action can only be interpreted as a sensational means to improperly associate Elauf with CAIR in the eyes of the jury in order to identify her as supporting all of CAIR's

pursuits, and is improper character evidence. *See e.g. Owens v. Ala. Dep't of Mental Health & Mental Retardation*, Action No. 07-650 (WHA)(WO), 2008 U.S. Dist. LEXIS 85906, at *6-7, 12, 2008 WL 4747166, at *2, 5 (M.D. Ala. Oct. 22, 2008) (granting defendant's motion *in limine* to exclude any reference to defendant's associations with various groups where only remotely probative and is outweighed by the danger of misleading the jury). Thus, such evidence must be excluded pursuant to Rules 404 and 608.

Alternatively, in the event that this Court finds that CAIR is relevant, EEOC seeks a limiting instruction preclude any testimony of or relating to CAIR's activities outside this action as totally irrelevant to this action and highly prejudicial and therefore inadmissible under 403.

### 3. Documents Created By CAIR Are Inadmissible Hearsay

Documents obtained by CAIR during the investigation contain hearsay and are inadmissible under Rule 801. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A statement is not hearsay where made by a party or party's agent. *See* Fed. R. Evid. 801(d)(2). The exhibits offered by Defendant are replete with inadmissible hearsay. For instance, EEOC 00038 is an "Incident Report Form" from CAIR that Elauf did not author. (Ex. 1, Elauf Def. 89:20-25).  As CAIR is not a party or an agent of a party to this action, the statements contained therein are hearsay and no hearsay exceptions apply. Additionally, since Elauf did not author these documents, they are improper for impeachment purposes. *See* (Ex. 2, Elauf Def. 92:13-15; 94:3-5, 22:16-21; 89:20-25). Accordingly, EEOC respectfully requests that this Court strike all documents and testimony relating to CAIR.

## II. CONCLUSION

Any evidence, testimony, or argument regarding CAIR is irrelevant to the claims and defenses before the Court.  Even if such evidence, testimony, or argument had any relevancy to this action, the introduction of CAIR would be highly prejudicial and constitute improper character evidence. Such evidence should also be precluded as constituting inadmissible hearsay.

Dated: April 15, 2011					Respectfully submitted,


					*/s/* Barbara A Seely
					BARBARA A. SEELY

					Regional Attorney
					EQUAL EMPLOYMENT OPPORTUNITY
					COMMISSION
					1222 Spruce St., Room 8.100
					St. Louis, MO 63103
					(314) 539-7910
					(314) 539-7895 FAX

					*/s/* Jeff A. Lee
					JEFF A. LEE

					Trial Attorney
					EQUAL EMPLOYMENT OPPORTUNITY
					COMMISSION
					215 Dean A. McGee Avenue. Suite 524
					Oklahoma City, Oklahoma 73102
					(405) 231-4375
					(405) 231-5816 FAX

					/s/ Jennifer L. Hope
					JENNIFER L. HOPE

					Trial Attorney
					EQUAL EMPLOYMENT OPPORTUNITY
					COMMISSION
					801 Market St., Suite 1300
					Philadelphia, PA 19107
					(215) 440-2841

(215) 440-2848 FAX

/s/ Natasha L. Abel
NATASHA L. ABEL

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX