## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                                        )
            Plaintiff, )
                                                        )
           v. )               Civil Action No. 09-CV-602-GKF-FHM
                                                         )
ABERCROMBIE & FITCH STORES, Inc., )
an Ohio Corporation d/b/a AbercrombieKids, )
                                                         )
          Defendant )

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF EEOC'S THIRD MOTION *IN LIMINE*

EEOC moves to preclude evidence, testimony, and argument regarding the national

origin of Charging Party, Samantha Elauf's parents, Palestine, the events related to September 11,

2001, jihad, and Muslim or Islamic law commonly known as "Sharia Law" because it is

irrelevant and substantially outweighed by the danger of unfair prejudice, confusion of the issues,

misleading the jury, and will lead to improper character evidence. Thus, such evidence should be

excluded pursuant to Federal Rules of Evidence 401, 403, 404 and 608.

EEOC alleges that Defendant discriminated against Elauf, a Muslim, when it failed to

accommodate her religious beliefs and failed to hire her for the position of "model" because of

her bona fide religious practice of wearing a headscarf ("hijab"). During Elauf's deposition,

Defense counsel asked her where her parents (who are not parties to this case) were born, to

which she responded "Palestine." (Ex. 1, Elauf Dep. 28:21-29:21). Additionally, during the

deposition of EEOC's expert, John Esposito, Defense counsel used an example that "many

Palestinians believe that they have the right and the obligation to defend themselves against

Israelis . . . [b]ecause they see themselves as being occupied by Israel?" in trying to obtain

Esposito's definition of a "jihad."[1] (Ex. 2, Esposito Dep. 36:11-37:4). Any testimony regarding

Palestine is irrelevant because whether or not Elauf's parents are from Palestine or Kansas does

not make *her* belief more or less sincere and should be precluded pursuant to Rules 402 and 403.

Moreover, given this country's experiences on September 11, 2001, associating Elauf with those

Palestinians who may believe it necessary to "defend themselves," improperly paints Elauf as a

terrorist or a radical instead of a 17 year old American girl trying to get a job in the mall. Thus,

such evidence, testimony and argument should be precluded on grounds of prejudice, confusion,

and waste of time, pursuant to Rule 403.

　　　Counsel further tried to impeach Esposito's character by connecting him with

"individuals who have been accused of making statements in support of Jihad," including Sami

Al-Arian, whom defense counsel characterized as being the North American leader of the

"Palestinian Islamic Jihad." (Ex. 2, Esposito Dep. 97:21-99:24). Initially, all references to

Esposito's association with these and other individuals who allegedly support jihad are

completely irrelevant for impeachment purposes because they have no probative value regarding

his truthfulness. *See* Rule 608.

　　　More importantly, in the current state of world events, references to or association

between Elauf, Palestine, jihad and symbols of "holy wars" or radical Islam, are improper

because such references would tend to incite fear upon the jury leading to unfair prejudice

against Elauf, and thus, should be precluded on grounds of prejudice, confusion, and waste of

time, pursuant to Rules 402 and 403. *See e.g. United States v. Abdi*, 2007 U.S. Dist. LEXIS

51024, at *2, 2007 WL 2034403, at *1 (S.D. Ohio June 19, 2007) ("Jurors cannot be expected to

grasp the nuances of the Muslim or Arab world within the context of a single trial, and there is a

---

[1] Webster's Dictionary defines "jihad" as "holy war waged on behalf of Islam as a religious duty; also: a personal struggle in devotion to Islam especially involving spiritual discipline." http://www.merriam-webster.com/dictionary/jihad, last visited April 4, 2011

danger that they would react in an unfairly prejudicial manner to this evidence"); *Nair v. Columbus State Cmty. Coll.*, 2008 U.S. Dist. LEXIS 90831, at *14-15, 2008 WL 3822341, at *6 (S.D. Ohio Aug. 12, 2008) (In a Title VII case, granting a motion *in limine* to preclude any reference to "in this post-9/11 world" because "[a]ny argument to the jury or evidence based on xenophobic or nationalistic fears of individuals of different national origin would, of course, be unduly prejudicial and excludable").

Similarly, defense counsel questioned Esposito during his deposition about Sharia Law, the law according to the Muslim faith. (Ex. 2, Esposito Dep. 49:19-52:3). Specifically, counsel elicited testimony as to the consequences dictated by Sharia Law for women who appear in public without a veil, practiced in "Muslim societies." (Ex. 2, Esposito Dep. 49:19-52:3). Counsel then attempted, again, to obtain Dr. Esposito's agreement that "a Palestinian woman in the United States" might wear a headscarf as a form of demonstrating her "nationalistic identity." (Ex. 2, Esposito Dep. 52:4-55:9). Additionally, defense counsel tried to obtain testimony that a jihad was the "sixth Pillar of Islam" and tried to associate Elauf's wearing a headscarf as an "attempt to wage jihad." (Ex. 2, Esposito Dep. 34:15-36:10, 59:11-60:25).[2]

As is well known by this Court, Oklahoma is currently in the midst of a heated political and legal debate as to whether or not Sharia Law should be considered in State Courts.[3] As there is no question of Sharia Law in this case which deals with equal employment opportunities at Abercrombie, any mention or implication of Sharia Law is completely irrelevant to any issue in the case and has no bearing on the sincerity of Elauf's belief that she must wear a headscarf in

---

[2] Note that Elauf was never questioned about her interpretation of Sharia Law or weather she wore her headscarf to demonstrate her "nationalistic identity." When defense counsel attempted to obtain agreement from Elauf that wearing a headscarf communicates "national pride" or "resistance to cultural dominance", Elauf had no idea what he was talking about. (Ex. 1, Elauf Dep. 129:5-130:10).

[3] Last year, Oklahoma voters passed State Question 755, a ballot measure barring "state courts from considering international or Islamic law when deciding cases." The constitutionality of the ballot is currently being challenged.

public. Any reference, questioning or insinuation to Sharia, Muslim, or Islamic "Law" would only be used to inflame the passions of jurors and unfairly prejudice them against Plaintiff, Elauf, and Esposito and must be precluded pursuant to Rules 403 and 404.

Thus, out of an abundance of caution, EEOC requests that statements that would have the tendency to inflame religious differences or nationalistic fears, would be unduly prejudicial and excludable, including any testimony, evidence or argument regarding Elauf's parents' country of origin, Palestine, September 11, 2001, Sharia Law, Muslim Law, Islamic Law, "jihad", or other references or comparisons to terroristic activity, pursuant to Rules 401, 402, 404, and 608. Moreover, any minimal probative value such evidence may have, if any, is completely outweighed by the danger of unfair prejudice and should be precluded pursuant to Rule 403.

Dated: April 15, 2011

Respectfully submitted,

*/s/* Barbara A Seely
BARBARA A. SEELY

Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7910
(314) 539-7895 FAX

*/s/* Jeff A. Lee
JEFF A. LEE

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
215 Dean A. McGee Avenue. Suite 524
Oklahoma City, Oklahoma 73102
(405) 231-4375
(405) 231-5816 FAX

/s/ Jennifer L. Hope
JENNIFER L. HOPE

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX

/s/ Natasha L. Abel
NATASHA L. ABEL

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX