**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-CV-602-GKF-FHM |
| | ) | |
| ABERCROMBIE & FITCH STORES, Inc., | ) | |
| an Ohio Corporation d/b/a AbercrombieKids, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF EEOC'S FOURTH MOTION *IN LIMINE***

Plaintiff, EEOC, moves to preclude testimony, evidence, and argument concerning

Islamic religious beliefs or practices unrelated to wearing a heasdcarf, and interpretations of the

Quran other those of Samantha Elauf's, regarding the wearing of a headscarf ("hijab") and the

beliefs or practices of other Muslims because such evidence or inquiry is irrelevant to the

sincerity of Elauf's religious beliefs and is substantially outweighed by the danger of unfair

prejudice.

EEOC's Complaint alleges that Defendant failed to reasonably accommodate Elauf's

religious beliefs and practices, and failed to hire her because she wore a religious headscarf.

Compl. ¶ 6. Elauf is a Muslim whose religious beliefs preclude her from appearing in public

without wearing a headscarf. (Ex. 1, Elauf Dep. 28:16-20). At Elauf's deposition, defense

counsel questioned her extensively on religious practices unrelated to wearing a headscarf and on

interpretations of the Quran other than her own, including the beliefs or practices of other

Muslims regarding wearing a headscarf.

## I.     ARGUMENT

EEOC objects to the introduction of testimony, evidence or argument of religious

practices or beliefs unrelated to wearing a headscarf as well as testimony, evidence or argument

concerning interpretations of the Quran other than Elauf's, including the beliefs or practices of

other Muslims regarding wearing a headscarf because such evidence is irrelevant, and any

minimal probative value it has is substantially outweighed by the danger of unfair prejudice.

### A.     Religious Practices or Beliefs Unrelated To Wearing A Headscarf, And Interpretations Of the Quran Other Than Elauf's Are Irrelevant And Therefore Inadmissible Under Rule 402

Pursuant to Rule 402, evidence which is not relevant is not admissible. Fed. R. Evid. 402.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would

be without the evidence." Fed. R. Evid. 401. A religious discrimination plaintiff must prove, as

part of her prima facie case, only that she holds a "sincere religious belief *that conflicts with a

job requirement.*" *Thomas v. Nat'l Assn. of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir.

2000) (emphasis added). Plaintiff need not prove the truth or veracity of the belief asserted or

that it is widely held. *United States v. Seeger*, 380 U.S. 163, 185 (1965); *see also, Welsh v.

United States*, 398 U.S. 333, 338 (1970); *Forde v. Baird*, 720 F. Supp. 2d 170, 177 (D. Conn.

2010) ("[W]hat matters here is that Forde sincerely believes that being pat searched by male

correctional officers violates her understanding of the tenants of Islam. That Respondent

presented evidence that this belief may not be universally held by all Muslims is without

significance").

Based upon questioning posed by Defendant in the depositions of Elauf and Plaintiff's

expert, John Esposito, it is believed that Defendant will seek to introduce evidence of other

religious concepts articulated by other Muslims or the Quran, the religious text of Islam, including what is commonly known as "the Five Pillars of Islam,"[1] to imply that she is not a devout Muslim.[2] Resort to texts to determine the scope of a believer's faith is impermissible because it is not for the courts or juries to resolve matters of religious doctrine. *See Thomas v. Review Bd. of the Indiana Emp't Sec. Div.*, 450 US 707, 7116 (1981) ("Intrafaith differences . . . are not uncommon among followers of a particular creed, and the judicial process is singularly ill equipped to resolve such differences"); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439 (9th Cir. 1993) *citing Fowler v. Rhode Island*, 345 U.S. 67 (1953) (courts could violate Establishment Clause with in depth inquiry into the religious belief). "The validity of [the belief] cannot be questioned. Some theologians, and indeed some examiners, might be tempted to question the existence of the registrant's 'Supreme Being' or the truth of his concepts. But these are inquiries foreclosed to Government." *United States v. Seeger*, 380 U.S. 163, 184-85 (1965); *Int'l Ass'n. of Machinists v. Boeing Co.*, 833 F.2d 165, 169 (9th Cir.1987) (a plaintiff need not prove that his religious belief is consistent with doctrine of an organized religion); *LaFevers v. Saffle*, 936 F.2d 1117, 1119 (10th Cir. 1991) ("Differing beliefs and practices are not uncommon among followers of a particular creed").

Along the same lines, it is believed that Defendant will seek to introduce evidence of other interpretations of the Quran other than Elauf's, including that other Muslim women may

---

[1] The Pillars of Islam are five basic acts in Islam set forth in the Quran as a framework for worship and a sign of commitment to the faith. (http://en.wikipedia.org/wiki/Five_Pillars_of_Islam, last visited 4/6/11). They are (1) the shahadah (creed), (2) daily prayers (salat), (3) almsgiving (zakah), (4) fasting during Ramadan and (5) the pilgrimage to Mecca (hajj) at least once in a lifetime. *Id.*

[2] For example, defense counsel questioned Elauf as to how often she attended the Mosque, the practice of fasting, the observance of Muslim holidays, what Muslim activities she participates in, how often she prays, and whether she made the pilgrimage to Mecca. *See* (Ex. 1, Elauf Dep. 12:18-21, 15:7-24, 26:9-27:12, 36:4-38:22, 39:6-16, 40:25-41:13, 42:9-43:4, 55:6-14; Ex. 2, Esposito Dep. 31:6-34:14, 79:4-10). Importantly, neither party has ever alleged that Elauf would have needed a religious accommodation to pray five times per day or time off to attend services or that these practices would have had any impact on the performance of her duties at Abercrombie. She never required any accommodation other than wearing a headscarf.

not believe that a headscarf is obligatory as well as comparisons of Islam to other religions.[3]

Such inquiries would serve only to impermissibly test the veracity of Elauf's belief, *vis a vis*

other Muslims, and have no bearing on the issue at hand, i.e. the *sincerity* of *Elauf's* belief with

respect to wearing a headscarf. The relevant inquiry, in this case, is *Elauf's* sincere religious

belief that appearing in public without a headscarf violates *her understanding* of the tenets of her

religion, Islam. Inquires into the beliefs and practices of anyone other than Elauf are irrelevant

and therefore inadmissible under Rule 402 because they are not parties or claimants in this case

and the sincerity of their beliefs are not at issue. *See Blount v. Johnson*, 2007 U.S. Dist. LEXIS

39146, 2007 WL 1577521, at *6 ("The fact that an individual's understanding of the origins or

reasons for a particular religious practice may be mistaken, incomplete, or at odds with the

understanding of other followers and even experts of his stated religion is beside the point when

determining whether his personal belief is sincere") (internal quotation marks and citations

omitted).

Accordingly, evidence regarding tenets of the Muslim religion unrelated to wearing a

headscarf, and other interpretations of the Quran, including whether other Muslim women

believe that a headscarf is obligatory, will shed no light on any fact of consequence and should

be excluded pursuant to Rules 401 and 402.

---

[3] For example, defense counsel questioned Elauf as to whether several family members and friends were practicing Muslims and whether or not they wore a headscarf, and as to differing styles of headscarves worn by Muslims. *See* (Ex. 1, Elauf Dep. 26:9-18, 27:3-12, 30:8-11, 31:6-13, 33:18-34:1, 35:10-21, 45:1-15, 118:20-119:2, 119:25-121:6, 134:7-13). Counsel also showed Elauf various photos of Abercrombie "models" and asked for Elauf's opinion as to whether or not their dress was "consistent with Islam". *See e.g.* (Ex. 1, Elauf Dep. 132:11-133:12, 146:16-147:21).

**B.     Any Probative Value Of Testimony, Evidence And Argument Related To Religious Practices Or Beliefs Unrelated To Wearing A Headscarf And Interpretations Of the Quran Other Than Elauf's Is Substantially Outweighed By The Danger Of Unfair Prejudice And Must Be Excluded Pursuant To Rule 403**

Even if testimony, evidence or argument related to tenets of the Muslim religion unrelated to wearing a headscarf, and interpretations of the Quran other than Elauf's, including the beliefs or practices of other Muslims regarding wearing a headscarf has some minimal relevancy to the case, the evidence still must be excluded pursuant to Rule 403. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Allowing Defendant to introduce testimony, evidence, or argument related to tenets of the Muslim religion unrelated to wearing a headscarf, and interpretations of the Quran other than Elauf's, including the beliefs or practices of other Muslims regarding wearing a headscarf and any comparison between Islam and other religions, would introduce in the trial issues that are the purview of religious scholars, not jurors, and any such inquiry would undoubtedly confuse the jury. Thus, this line of questioning has minimum probative value, and any value it may have is substantially outweighed by the danger of unfair prejudice and could create an unfair advantage for Defendant. *See e.g., EEOC v. Aldi, Inc*., 2008 U.S. Dist. LEXIS 105417, at *4 (W.D. Pa. Dec. 31, 2008) (granting plaintiff's Motion *in Limine* in a religious discrimination case because "Bloom's interpretation of the Bible as it relates to homosexuality, slavery, and other controversial issues are of minimum probative value and are so inflammatory in nature that they

are likely to give Defendant an unfair advantage and distract the jury from the true issues to be

decided").

## II.       CONCLUSION

For the foregoing reasons, EEOC respectfully requests that the Court enter an Order

precluding Defendant from arguing, presenting evidence, eliciting testimony regarding Islamic

beliefs or practices unrelated to wearing a headscarf, and other Muslims interpretations of the

Quran or Islamic practices or beliefs, such as wearing a headscarf. Such evidence, testimony and

argument is inadmissible as it is irrelevant under Rule 401 and substantially outweighed by the

dangers of unfair prejudice under Rule 403.


Dated: April 15, 2011                         Respectfully submitted,

                                              */s/* Barbara A Seely
                                              BARBARA A. SEELY

                                              Regional Attorney
                                              EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
                                              1222 Spruce St., Room 8.100
                                              St. Louis, MO 63103
                                              (314) 539-7910
                                              (314) 539-7895 FAX

                                              */s/* Jeff A. Lee
                                              JEFF A. LEE

                                              Trial Attorney
                                              EQUAL EMPLOYMENT OPPORTUNITY
                                              COMMISSION
                                              215 Dean A. McGee Avenue. Suite 524
                                              Oklahoma City, Oklahoma 73102
                                              (405) 231-4375
                                              (405) 231-5816 FAX

                                              */s/* Jennifer L. Hope
                                              JENNIFER L. HOPE

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX

/s/ Natasha L. Abel
NATASHA L. ABEL

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX