#### IN THE UNITED STATE DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Civil Action No. 09-CV-602-GKF-FHM<br>) |
| ABERCROMBIE & FITCH STORES, Inc., an Ohio Corporation d/b/a AbercrombieKids, | )<br>)<br>) |
| Defendant. | ) |

#### MEMORANDUM OF LAW IN SUPPORT OF
#### PLAINTIFF EEOC'S FIFTH MOTION *IN LIMINE*

Plaintiff, EEOC, moves to preclude testimony, evidence, and argument concerning the prior verdict entered on December 4, 2009 in *EEOC v. J.M. Hollister, LLC and Abercrombie & Fitch Stores, Inc. d/b/a/ Hollister Co.*, Case No. 4:08-1470, in the U.S. District Court for the Eastern District of Missouri, a case filed by Plaintiff against Defendant, on behalf of former employee, Lekettra D. Bennett (hereinafter "Missouri Case"), pursuant to Rules 401, 402, 201, and 403, because such evidence is irrelevant to the issues presented in this case, disputed, and admission of such evidence is substantially outweighed by the danger of unfair prejudice.

**I.    ARGUMENT**

EEOC objects to the introduction of testimony, evidence or argument concerning the jury verdict issued in the Missouri Case because such evidence is irrelevant, disputed, and any minimal probative value it may have is substantially outweighed by the danger of unfair prejudice.

### A. The Jury Verdict In The Missouri Case Is Irrelevant And Therefore Inadmissible Under Rule 402

Pursuant to Rule 402, evidence which is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The Charging Party in the Missouri Case, Lakettra Bennett, was a former sales person and Manager in Training (MIT) in Abercrombie & Fitch's Fairview Heights, Illinois store and Defendant's Hollister store in the St. Louis Galleria respectively. The issue in the Missouri case was Defendant's denial of Bennett's request to wear a long skirt in accordance with her Apostolic religious belief. Both parties filed Summary Judgment Motions and both motions were denied. (Case No. 1470, Docs. 33 and 34). The case went to trial and the jury returned a verdict in favor of Defendants. (Doc. 76).

In the instant case, EEOC's Complaint alleges that Defendant failed to reasonably accommodate Charging Party, Samantha Elauf's religious beliefs and practices, and failed to hire her because she wore a religious headscarf. (Compl. ¶ 6). Elauf is a Muslim who was denied employment as a sales associate at Abercrombie Kids store, in Tulsa, Oklahoma. (*Id*.). Accordingly, while both Bennett's and Elauf's charge claimed a failure to accommodate their religious practice, the facts supporting each of those charges are distinct in that they involve different employees, different religions, different stores with different managers, an existing employee versus an applicant, and different accommodation requests. Necessarily, then, any jury verdict rendered based on those facts has no bearing on the facts of the instant case. If the jury in the present case were to learn of a verdict issued by another jury against Plaintiff in a similar *type* of lawsuit, it would prejudice their decision in deciding the issues presented.

### B. Any Probative Value Of The Missouri Case Jury Verdict Is Substantially Outweighed By The Danger Of Unfair Prejudice And Must Be Excluded Pursuant To Rule 403

Even if testimony, evidence or argument related to the jury verdict issued in the Missouri Case has some minimal relevancy to the case, the evidence still must be excluded pursuant to Rule 403, because it poses a likelihood of unfair prejudice, misleading the jury and confusion of the issues. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The admission of a prior verdict, in a case similar to this one, "creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975) (vacating a jury verdict and holding the introduction of a prior verdict against the same defendant prejudicial). In essence, the jury may improperly "import the whole verdict . . . from the prior proceeding." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007). Thus, even if the verdict in the Missouri Case is found to have some minimal relevance, which is denied, such testimony, evidence or argument must be excluded, pursuant to Rule 403, because of the possibility that the jury will defer to that verdict and effectively decide the instant case on evidence not before it. Such prejudice substantially outweighs any relevancy. *See* Fed. R. Evid. 403.

### C. The Jury Verdict In The Missouri Case Is Not Admissible As A Judicially Noticed "Fact" Of This Case

Rule 201 permits judicial notice of "adjudicative facts." Fed. R. Evid. 201(a). "Adjudicative facts are simply the facts of the particular case." Fed. R. Evid. 201(a), advisory

committee's notes. The fact that there was a jury verdict in another case brought by EEOC against Abercrombie is not an adjudicative fact, that is a fact of *this* particular case, for purposes of judicial notice under Rule 201.

Even if it were appropriate for the Court to take judicial notice of a jury verdict in an unrelated action, the facts underlying the verdict are not the proper subject of judicial notice. Fed. R. Evid. 201; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). A court may not take judicial notice of an action taken in another court for the truth of the matters asserted in the other litigation. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384, 1388 (2d Cir. 1992) (finding district court erred in taking judicial notice of bankruptcy court order to establish facts asserted therein). Rule 201(b) permits a court to take judicial notice of a particular fact where that fact is "not subject to reasonable dispute in that [the fact] is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In general, the purpose of judicial notice is to permit a court to make a finding of fact in the absence of record evidence. *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002). In applying Rule 201, "if a court takes judicial notice of a fact whose application is in dispute, the court removes the[] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing." *Gen. Elec. Capital Corp. v. Lease Resolution Corp*., 128 F.3d 1074, 1083 (7th Cir. 1997). "The effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id*.; *see also, Taylor v. Charter Med. Corp*., 162 F.3d 827, 829-30 (5th Cir. 1998) ("[A] court cannot take judicial notice of the factual findings of another court . . . because (1) such findings do not

constitute facts 'not subject to reasonable dispute' within the meaning of Rule 201; and (2) 'were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous'") (internal citations omitted).

Here, Defendant has record evidence and so the underlying purpose of Rule 201 is not applicable. Moreover, the verdict issued in the Missouri case would only be probative, if at all, of a factual issue very much in dispute: liability of Defendant for allegedly failing to accommodate an employee's religious belief. Under these circumstances, any "facts" purportedly shown by court documents, including the jury verdict, filed in the Missouri Case must be excluded. *See Weigel v. BAC Home Loans Servicing, LP*, Action No. 09- 02546 (WDM)(KMT), 2011 U.S. Dist. LEXIS 37413, at *7-8, 2011 WL 1135319, at *2-3 (D. Colo. Mar. 29, 2011) (declining to take judicial notice of cancelled checks, which were probative of the disputed fact of which entity was servicing the loans at the time of the default). Accordingly, given that the verdict in the Missouri Case cannot be admitted for its "truth", admission of the fact of the verdict itself must be excluded pursuant to Rule 402 as it is not probative of any fact or defense in the instant case.

## II.     CONCLUSION

For the foregoing reasons, EEOC respectfully requests that the Court enter an Order precluding Defendant from arguing, presenting evidence, or eliciting testimony concerning the jury verdict issued, on December 4, 2009, in *EEOC v. J.M. Hollister, LLC and Abercrombie & Fitch Stores, Inc. d/b/a/ Hollister Co.*, Case No. 4:08-1470 (E.D.Mo.), filed by Plaintiff, on behalf of Lekettra D. Bennett. Such evidence, testimony and argument is inadmissible as it is irrelevant under Rule 401, not subject to judicial notice, and any minimum probative value of

such evidence is substantially outweighed by the dangers of unfair prejudice and must be excluded under Rule 403.

Dated: April 15, 2011  Respectfully submitted,

*/s/* Barbara A Seely
BARBARA A. SEELY

Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7910
(314) 539-7895 FAX

*/s/* Jeff A. Lee
JEFF A. LEE

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
215 Dean A. McGee Avenue. Suite 524
Oklahoma City, Oklahoma 73102
(405) 231-4375
(405) 231-5816 FAX

/s/ Jennifer L. Hope
JENNIFER L. HOPE

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2841
(215) 440-2848 FAX

/s/ Natasha L. Abel
NATASHA L. ABEL

Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market St., Suite 1300
Philadelphia, PA 19107
(215) 440-2786
(215) 440-2848 FAX