**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**FILED**

JUL 20 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-CV-602-GKF-FHM |
| ABERCROMBIE & FITCH STORES, INC., an Ohio corporation, d/b/a AbercrombieKids, | ) ) ) ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

Dated this 20th day of July, 2011.

_Gregory K. Frizzell_
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

**OUJI  1.8**

## JURY INSTRUCTION NO. _____

It is now my duty to further explain your duties as jurors, and to further inform you of the law applicable to this case. It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial and the instructions I gave you during the course of this trial. You are not free to accept and follow one or more of these instructions and disregard the others.

A written copy of all instructions will be given to you before you begin your deliberations.

**OUJI 1.4**

## JURY INSTRUCTION NO. 2

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received. It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court. You should consider only the evidence introduced while the court is in session. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities. It may not be based upon speculation or guesswork. The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which you find to have been established by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these

objections. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the courtroom deputy, who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet or other media about

the issues, parties or witnesses involved in this case. Do not attempt to investigate this case on your own.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

## JURY INSTRUCTION NO. 3

This is an action for damages for employment discrimination on the basis of religion under Title VII of the Civil Rights Act of 1964.  The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), brought this action on behalf of Samantha Elauf against defendant, Abercrombie & Fitch, Stores, Inc. ("Abercrombie").  Elauf applied for a job as a store sales person or "model" with defendant's  AbercrombieKids store at Woodland Hills Mall in Tulsa in July 2008.  Elauf, who is a Muslim, wears a head scarf based on her religious beliefs.

The court has already determined that defendant, Abercrombie & Fitch Stores, Inc., violated Title VII by discriminating against her on the basis of her religion.  The purpose of this trial is to determine whether Elauf is entitled to damages and if so, in what amount.  The EEOC contends Elauf is entitled to compensatory and punitive damages.

The defendant, Abercrombie, denies that Elauf is entitled to compensatory damages.  Abercrombie  contends it is not liable for punitive damages because, in denying Elauf's job application it did not act with reckless indifference to her federally protected rights.  For an additional defense, Abercrombie contends it is not liable for punitive damages because the decisions of its managerial agents were contrary to Abercrombie's good-faith efforts to comply with Title VII.

The EEOC denies the claims of the defendant.

These are the issues you are to determine.

**OUJI 2.5**

## JURY INSTRUCTION NO. 4

   This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witnesses under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

**OUJI 1.7**

## JURY INSTRUCTION NO. 5

You may take notes during the presentation of evidence in this case. In that regard remember this:

1. Note taking is permitted but is not required.

2. Take notes sparingly. Do not try to write down all the testimony. They will only be used for the purpose of refreshing your memory. They are helpful when dealing with measurements, times, distances, identities and relationships.

3. Be brief in your note taking. You must pass on the credibility of the witnesses, and to do so you must observe them. Do not let note taking distract you from this duty.

4. Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss the contents of your notes only after all sides have rested and you have commenced your deliberations.

**OUJI 1.10**

### JURY INSTRUCTION NO.  <u>6</u>

You have been permitted to take notes during the testimony of this case. If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors. In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.

**OUJI 1.6**

## JURY INSTRUCTION NO. 7

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

**OUJI   3. 1**

## JURY INSTRUCTION NO. 8

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense, has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all of the evidence, whether offered by that party or the other party.

**OUJI 3.3**

## JURY INSTRUCTION NO. 9

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

**OUJI 3.13**

## JURY INSTRUCTION NO. 10

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**OUJI 3.21**

### JURY INSTRUCTION NO. 11

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise.  The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

## JURY INSTRUCTION NO. 12

The court has previously determined the defendant Abercrombie discriminated against the plaintiff, Samantha Elauf based on plaintiff's religion. You must determine an amount that is fair compensation for plaintiff's damages. The EEOC has the burden of proving that Elauf has suffered damages caused by defendant's wrongful conduct.

The damages that you award must be fair compensation–no more and no less.

The EEOC seeks no lost wages for Samantha Elauf because she successfully mitigated her damages. However, the EEOC seeks, and you may award, compensatory damages for the emotional pain, suffering, mental anguish, inconvenience, embarrassment and/or humiliation suffered by Elauf as a result of Abercrombie's discriminatory conduct. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. Specific proof of out-of-pocket loss is not necessary nor is medical testimony required. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that the EEOC prove the amount of Elauf's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**JURY INSTRUCTION NO.** _13_

     If you find that Elauf's compensatory damages have no monetary value, then you must

return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

## JURY INSTRUCTION NO. 14

You must also find whether Abercrombie acted with reckless indifference to the federally protected rights of Samantha Elauf. A potential employer acts with reckless indifference if it discriminates against a job applicant in the face of a perceived risk that its actions would violate federal law.

Abercrombie may be held liable for punitive damages if the employees who discriminated against Elauf were serving in a managerial capacity and were acting within the scope of their employment.  In considering whether an employee was serving in a managerial capacity, you should determine whether he or she had independent authority to make personnel decisions such as hiring, firing, disciplining or promoting employees.  In considering whether an employee was acting within the scope of his or her employment, you should determine whether their conduct with respect to Elauf was the kind of conduct they were employed to perform.

Abercrombie may not be found liable for the discriminatory employment decisions of managerial employees where those decisions are contrary to the employer's good-faith efforts to comply with Title VII.  Abercrombie has the burden of proving that the decisions of its managerial employees were contrary to Abercrombie's good-faith efforts to comply with Title VII.

If you find that Abercrombie acted with reckless indifference to the federally protected rights of Samantha Elauf, you may award punitive damages against Abercrombie in a later part of this trial.  If you find that Abercrombie did not act with reckless indifference to the federally protected rights of Samantha Elauf, you may not award punitive damages against Abercrombie.

## JURY INSTRUCTION NO. 15

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**OUJI 1.8A**

## JURY INSTRUCTION NO. 16

The Court has made rulings during this trial.  In so ruling, the Court has not in any way suggested to you the weight or credit to be given any evidence or testimony received during the trial, nor intimated in any way what you should decide in this case.

You are the judges of the facts.  The importance and worth of the evidence and testimony is for you to decide.  From all the testimony heard and evidence seen by you during the trial, and using the reasoning which you each have, you will make your decision.  You should perform your duties as jurors impartially and faithfully, under your oath.

The law provides that you should listen to and consider the arguments of counsel, which are a proper part of this case.

**OUJI 1.9**

### JURY INSTRUCTION NO. 19

Ladies and Gentlemen of the jury, that completes the argument. This case is now submitted to you for your decision and verdict.

When you go to the jury room to begin considering the evidence in this case, you should first select one of the members of the jury to act as your foreperson.  This person will help to guide your discussions in the jury room.

After you have reached a unanimous agreement on your verdict, your foreperson alone will sign it; and you will, as a body, return with it into court.  Forms of verdict will be furnished for your consideration and use.

If, during your deliberations, it becomes necessary to communicate with the Court, you may send a note by the bailiff.  Bear in mind that you are not to reveal to the Court, or to any person, how the jury stands, numerically or otherwise, until you have reached your verdict.

THE BAILIFF WILL COME FORWARD TO BE SWORN.